IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAUL M. BREAKMAN                                    *
5319 42nd Place, NW
Washington, D.C. 20015                             * Case No. _____

    In His Representative Capacity Acting for the      * Removed from the Superior Court
    Interests of the General Public,                     of the District of Columbia
                                                   * Civil Action No. 08-0000532
        Plaintiffs,
v.                                                 *

AOL LLC,                                           *
22000 AOL Way
Dulles, Virginia 20166                             *
3901 Dallas Parkway
Plano, Texas  75093                                *

    A Limited Liability Company,

      Defendant.

  *    *    *    *    *    *    *    *    *    *    *    *    *

## <u>NOTICE OF REMOVAL</u>

    Defendant AOL LLC ("AOL"), by its undersigned attorneys, pursuant to 28 U.S.C.

§§ 1332, 1441, and 1446, files this notice of removal of this civil action from the Superior Court

of the District of Columbia to the United States District Court for the District of Columbia, and

for cause states:

## I.    PLAINTIFFS' COMPLAINT

    1.    Defendant AOL is a Delaware limited liability company headquartered in Dulles,

Virginia.  It provides consumers throughout the United States with a variety of interactive

computer services.  (Declaration of John Baumeister, attached hereto as **Exhibit A,** ¶ 3).

    2.    Named Plaintiff Paul M. Breakman ("Plaintiff") is a citizen of the District of

Columbia.  (Compl. ¶ 14).  Plaintiff Paul M. Breakman brought this action individually and

seeks to represent a putative class based on allegations that AOL willfully violated the District of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28-3901, *et seq.* ("DCCPPA") by knowingly concealing, and/or suppressing or omitting to disclose material facts by continuing to charge its current and past members a higher price for AOL's dial-up ISP services than it charged new members. (Compl. ¶¶ 1 & 21-25).

3.    Plaintiff and members of the putative Class ("Plaintiffs") allege the following causes of action in their Complaint against AOL:  (1) Violation of the D.C. Consumer Protection Procedures Act, D.C. Code §§ 28-3901, *et seq* (Compl. ¶¶ 21-25).

4.    Based on the alleged knowing concealment, and/or suppression of, and/or omission to disclose material facts to the Plaintiff and members of the putative Class, Plaintiffs seek: (1) Actual damages for each individual District of Columbia consumer in an amount to be determined at trial; (2) Treble damages or $1,500 per violation of the DCCPPA for each District of Columbia consumer, whichever is greater, in an amount to be determined at trial; (3) Reasonable attorneys' fees; (4) Punitive damages in an amount to be determined at trial; (5) An injunction enjoining Defendant AOL from continuing the unlawful trade practices described in the Complaint; and (6) Prejudgment interest in an amount to be determined at trial. (Compl. ¶¶ 25).

## II.    REMOVAL BASED ON THE CLASS ACTION FAIRNESS ACT

5.    This Court has jurisdiction over this action under 28 U.S.C. § 1332(d)(2), which provides in pertinent part:  "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ."

2

6.    Here, the Plaintiffs have made demand upon AOL in the amount of $15,000,000. (See Information Sheet, attached hereto as **Exhibit B**.)  In addition, the Plaintiffs are seeking $1,500 in statutory damages for each individual AOL consumer residing in the District of Columbia who has paid for a $23.90 or $25.90 AOL Dial-Up Advantage service plan notwithstanding the availability of $9.95 AOL Basic Dial-Up and High Speed Essentials service plans.   There are in excess of twenty-eight thousand (28,000) AOL consumers in the District of Columbia who will make up the contemplated putative class.  (Baumeister Decl. ¶ 6).  Thus the amount in controversy in this matter exceeds $42,000,000.00.  (Baumeister Decl. ¶ 7).

7.    The Plaintiffs also seek damages for the actual damages for each individual District of Columbia consumer in an amount to be determined at trial.   Under this theory of the case the amount in controversy is also well in excess of the $5,000,000.00 jurisdictional requirement under the Class Action Fairness Act.  Calculating the actual damages shows that the amount in controversy is for actual damages, presuming a finding of entitlement, would be $6,213,441.65 (Total Amount Billed of $6,368,347.40 less $111,907.92 in credit and $42,997.83 in chargebacks). (Baumeister Decl. ¶ 8).

8.    There is complete diversity of citizenship between Plaintiffs and Defendant.   The named Plaintiff, Paul M. Breakman, is a citizen of the District of Columbia, (Compl. ¶ 14), and Defendant AOL is a citizen of Delaware and Virginia. (Baumeister Decl. ¶ 3).

9.    Even though the named Plaintiff sues both individually and as a representative of a putative class, for purposes of determining diversity jurisdiction, the Court determines the citizenship of only the named party. *See, e.g., Central Wesleyan College v. W.R. Grace & Co.*, 6 F.3d 177, 186 n.3 (4th Cir. 1993) ("The rule in federal class actions . . . is only that the citizenship of the named parties be diverse from that of the defendants."); *Triggs v. John Crump*

3

*Toyota, Inc.*, 154 F.3d 1284, 1288 (11th Cir. 1998) ("[F]or class actions ... a court should consider only the citizenship of the named parties to determine whether there is diversity of jurisdiction."). Thus for the purpose of determining diversity jurisdiction Paul M. Breakman is a citizen of the District of Columbia.

## III.    REMOVAL PROCEDURES

10.    Removal of this case is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

11.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant Capital AOL LLC are attached hereto as **Exhibit C**.

12.    Removal on diversity is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty days from the date this action was served on Defendant AOL LLC, January 24, 2007.

13.    In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal (without exhibits) is being filed concurrently with the Clerk of the Superior Court for District of Columbia and served upon all parties of record.  A copy of the written notice of the Notice of Removal is attached hereto as **Exhibit D**.

## CONCLUSION

WHEREFORE, Defendant AOL LLC, respectfully requests the above-captioned action now pending in the Superior Court for the District of Columbia, be removed to the United States District Court for the District of Columbia, and that said U.S. District Court assume jurisdiction

of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Respectfully submitted,

M. Melissa Glassman (BAR # 417074)
Kevin F. X. De Turris (BAR # 491708)
**MCGUIREWOODS LLP**
1750 Tyson's Blvd., Suite 1800
McLean, Virginia 22102
(703) 712-5000
(703) 712-5220 (Facsimile)
mglassman@mcguirewoods.com
*Counsel for Defendant AOL LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of February, 2008, a copy of the foregoing

Notice of Removal was sent by first class mail, postage prepaid, to the following:

Jeffrey Harris
Walter E. Diercks
Rubin, Winston, Diercks, Harris & Cooke, LLP
1155 Connecticut Avenue, N.W.
6th Floor
Washington, D.C. 20036

Andrew A. August
Kevin F. Rooney
Pinnacle Law Group
425 California Street, Suite 1800
San Francisco, California 94104

Giancarlo Terilli
Law office of Giancarlo Terilli, LLC
225 Broadway, Suite 2812
New York, NY 10007

_____
M. Melissa Glassman

\5054377.4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAUL M. BREAKMAN                                    *
5319 42nd Place, NW
Washington, D.C. 20015                              *   Case No. _____

    In His Representative Capacity Acting for the      *   Removed from the Superior Court
    Interests of the General Public,                       of the District of Columbia
                                                    *   Civil Action No. 08-0000532

           Plaintiffs,                    *

v.                                                  *

AOL LLC,                                            *
22000 AOL Way
Dulles, Virginia 20166                              *

    A Limited Liability Company,                       *

        Defendant.

  *    *    *    *    *    *    *    *    *    *    *
                                    *

## DECLARATION OF JOHN BAUMEISTER

    I, John Baumeister, do hereby declare:

    1.    The statements in this declaration are based upon my personal knowledge and my review of AOL LLC's ("AOL") business records, and I am competent to testify to the matters set forth herein.

    2.    AOL's business records are made and maintained in the ordinary course of business at or near the time of the occurrence by a person with knowledge of the matters set forth in such records.

    3.    AOL is a Delaware limited liability company headquartered in Dulles, Virginia. It provides customers throughout the United States with a variety of interactive computer services.

1



EXHIBIT

A

4.    As a Program Manager on the Regulatory Order Compliance Team, I am responsible for running data queries within AOL consumer account history and billing systems to size putative class action claims, to respond to consumer complaints and discovery requests, and to administer consumer settlements. As such, I have personal knowledge regarding the number of customers who subscribe to particular AOL services and price plans in every State of the United States, as well as the District of Columbia.

5.    I have reviewed the Complaint filed in this action, which indicates, inter alia, that plaintiff seeks $1,500 in damages for each individual AOL consumer residing in the District of Columbia who has paid for a $23.90 or $25.90 AOL Dial-Up Advantage service plan notwithstanding the availability of $9.95 AOL Basic Dial-Up and High Speed Essentials service plans.

6.    There are 28,451 District of Columbia consumers who fall within this putative class as alleged.

7.    Thus, under the statute pursuant to which plaintiffs seek recovery, the amount in controversy that the Plaintiffs are seeking in this class action lawsuit is in excess of $42,000,000.00.

8.    Even were the relief sought limited to net revenue on such accounts, the amount in controversy would be $6,213,441.65 (Total Amount Billed of $6,368,347.40 less $111,907.92 in credit and $42,997.83 in chargebacks).

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on this 13th day of February, 2008.

2

John Baumeister
Program Manager for Regulatory Order for
AOL LLC

3

# Superior Court of the District of Columbia

## CIVIL DIVISION - CIVIL ACTIONS BRANCH

### INFORMATION SHEET

PAUL M. BREAKMAN

Case Number: _____ _____

vs

Date: January 23, 2008

AOL LLC

| | |
|---|---|
| Name: *(please print)* <br> Walter E. Diercks, Esq. <br> Firm Name: <br> Rubin, Winston, Diercks, Harris & Cooke, LLP <br> Telephone No.:                  Six digit Unified Bar No.: <br> (202) 861-0870                 161620 | Relationship to Lawsuit <br> [X] Attorney for Plaintiff <br> [ ] Self (Pro Se) <br> Other: _____ |

TYPE OF CASE:   [ ] Non-Jury          [ ] 6 Person Jury          [X] 12 Person Jury
Demand:$ 15,000,000.00                          Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____    Judge: _____    Calendar #: _____

Case No.: _____    Judge: _____    Calendar #: _____

---

**NATURE OF SUIT:**   *(Check One Box Only)*

**A. CONTRACTS**

| | | COLLECTION CASES |
|---|---|---|
| [ ] 01 Breach of Contract | [ ] 07 Personal Property | [ ] 14 Under $25,000 Pltf. Grants Consent |
| [ ] 02 Breach of Warranty | [ ] 09 Real Property-Real Estate | [ ] 16 Under $25,000 Consent Denied |
| [ ] 06 Negotiable Instrument | [ ] 12 Specific Performance | [ ] 17 OVER $25,000 |
| [ ] 15 _____ | | |

**B. PROPERTY TORTS**

| | | |
|---|---|---|
| [ ] 01 Automobile | [ ] 03 Destruction of Private Property | [ ] 05 Trespass |
| [ ] 02 Conversion | [ ] 04 Property Damage | [ ] 06 Traffic Adjudication |
| [ ] 07 Shoplifting, D.C. Code § 27-102(a) | | |

**C. PERSONAL TORTS**

| | | |
|---|---|---|
| [ ] 01 Abuse of Process | [ ] 09 Harassment | [ ] 17 Personal Injury – (Not Automobile, Not Malpractice) |
| [ ] 02 Alienation of Affection | [ ] 10 Invasion of Privacy | [ ] 18 Wrongful Death (Not malpractice) |
| [ ] 03 Assault and Battery | [ ] 11 Libel and Slander | [ ] 19 Wrongful Eviction |
| [ ] 04 Automobile-Personal Injury | [ ] 12 Malicious Interference | [ ] 20 Friendly Suit |
| [X] 05 Deceit (Misrepresentation) | [ ] 13 Malicious Prosecution | [ ] 21 Asbestos |
| [ ] 06 False Accusation | [ ] 14 Malpractice Legal | [ ] 22 Toxic/Mass Torts |
| [ ] 07 False Arrest | [ ] 15 Malpractice Medical (Including wrongful death) | [ ] 23 Tobacco |
| [ ] 08 Fraud | [ ] 16 Negligence-(Not Automobile, Not Malpractice) | |

SEE REVERSE SIDE AND CHECK HERE [ ] IF USED

CV-496/July. 07

**EXHIBIT**

**B**

# INFORMATION SHEET, Continued

**D. OTHERS**

I.
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation
  Under $25,000 Pltf.
  Grants Consent
- ☐ 08 Quite Title
- ☐ 09 Special Writ/Warrants
  DC Code § 11  -941

- ☐ 10 T.R.O./Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award
  (D.C. Co   de § 16-4315)

- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/Subrogation
  Under $25,000 Consent Denied
- ☐ 27 Insurance/Subrogation
  Over $25,000
- ☐ 28 Motion to Confirm Arbitration
  Award (Collection Cases Only)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/Water Consent Denied

II.
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [D.C. Code §
  2 -1802.03(h) or 32-1519(a)]
- ☐ 20 Master Meter (D.C. Code §
  42 -3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28  -l (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27 (a)(1)
  (Perpetuate Testimony)

_____
Attorney's Signature

January 23, 2008
_____
Date

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### Civil Division

| | | |
|---|---|---|
| **PAUL M. BREAKMAN**<br>5319 42nd Place, NW<br>Washington, DC 20015 | ) | |
| **In His Representative Capacity**<br>**Acting for the Interests of the General Public,** | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. _____ |
| **AOL LLC,**<br>A Limited Liability Company,<br>22000 AOL Way<br>Dulles, Virginia 20166, | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |
| Serve:  **CORPORATION SERVICE**<br>**COMPANY**<br>1090 Vermont Avenue, N.W.<br>Washington, D.C. 20005 | ) | |

RECEIVED
Civil Clerk's Office
JAN 2 3 2008
Superior Court of the
District of Columbia
Washington, D.C.

08–0000532

## COMPLAINT

### INTRODUCTION

1.      This representative action by Plaintiff Paul M. Breakman  ("Plaintiff") against defendant AOL, LLC ("AOL" or "Defendant") seeks to remedy AOL's unlawful trade practice of charging its current and past members more than double the price offered to new members for essentially the same services and failing to disclose to said current and past members that essentially the same services are available at less than half the price they are being charged.

2.      Prior to the onset of broadband, AOL charged its members $23.90 for its services, which consisted of dial-up access to the internet (internet service provider ("ISP") services) and content services ("Dial-up ISP Service").  Because most of its members did not have broadband

**EXHIBIT**

**C**

ISP service, they turned to AOL primarily for its Dial-up ISP Service. However, when broadband became commonplace, AOL's Dial-up ISP Service became largely obsolete, leaving AOL to market and sell their content services and necessitating a dramatic change in AOL's services for fees business model.

3.      Confirming that its fees were predominately for its Dial-up ISP Service, AOL began offering its content services to new members for free. Recognizing the dwindling value of its Dial-up ISP Service, AOL began offering its Dial-up ISP Service to new members for $9.95 a month. However, notwithstanding these major price shifts for new members, AOL failed to change its Dial-up ISP Service fees for current members and instead continues to automatically debit its members' credit cards $23.90 to $25.90 a month for essentially the same Dial-up ISP Service new members get for $9.95 a month.

4.      Plaintiff, in a representative capacity acting for the interests of the general public, seeks compensatory and other relief enumerated below which are authorized by the DCCPPA against AOL LLC.

## PRELIMINARY STATEMENT

5.      Plaintiff brings this action in a representative capacity on behalf of the interests of the general public against AOL, LLC ("AOL" or "Defendant") for unlawful trade practices under the District of Columbia Consumer Protection Procedures Act ("DCCPPA"), D.C. Code §§ 28-3901, *et seq.*

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to D.C. Code §§ 11-921, 13-423 and 28-3901, *et seq.*

7.      The Court has jurisdiction over AOL because it is a limited liability company that is authorized to conduct, and in fact does conduct, substantial business in the District of Columbia. AOL, as a continuous and systematic part of its general business, has sufficient minimum contacts with the District of Columbia or otherwise intentionally avails itself of the consumer markets within the District of Columbia through the promotion, sale, marketing,

2

and/or distribution of its Dial-up ISP services in the District of Columbia to District of Columbia consumers thus rendering the exercise of jurisdiction by the District of Columbia courts permissible under traditional notions of fair play and substantial justice.

8.  AOL derives substantial revenue from the sale of Dial-up ISP Service to District of Columbia consumers.

9.  AOL's Dial-up ISP Service is a service under the DCCPPA.

10.  Said District of Columbia consumers purchase and use AOL's Dial-up ISP Service primarily for personal, family and household use.

11.  Defendant AOL is a merchant under the DCCPPA in that AOL markets, sells and distributes consumer services to District of Columbia consumers.

12.  This is a civil action under the DCCPPA in which Plaintiff, in his representative capacity acting for the interests of the general public, is suing Defendant AOL for its trade practices in violation of the laws of the District of Columbia which have injured District of Columbia consumers who have paid and/or continue to pay AOL $23.90 to $25.90 a month for essentially the same Dial-up ISP Service new members get for $9.95 a month because AOL has failed to disclose to said consumers the material fact that essentially the same service is available for $9.95 per month.

13.  The amount of damages owed by Defendant AOL to any individual District of Columbia consumer who has paid and/or continues to pay AOL $23.90 to $25.90 a month for essentially the same Dial-up ISP Service new members get for $9.95 a month, does not exceed $75,000, exclusive of costs and interest.

## PARTIES

14.  Plaintiff is a resident of the District of Columbia.

15.  AOL LLC is a Delaware limited liability company. AOL LLC maintains its principal place of business at 22000 AOL Way, Dulles, Virginia. AOL is qualified to do business in the District of Columbia as a foreign limited liability company.

3

## FACTUAL ALLEGATIONS

16.    Initially, AOL was primarily in the business of providing internet access to its members for a fee. This service provided access to the internet through a dial-up connection ("Internet Access") in addition to a variety of content, features, e-mail services, internet security and applications ("Content Services") (collectively the "Dial-up ISP Service").

17.    However, due to the explosion of broadband (which provides far greater speed than dial-up), AOL's Dial-up ISP Service lost nearly all of its value. AOL's business model disintegrated as it was unable to lure enough new members to subscribe to its services as these individuals were obtaining internet access through broadband providers, such as telephone and cable companies.

18.    Recognizing that their Dial-up ISP Service was of little to no value, in or about March 2006, AOL changed its business model. In an attempt to drive its customers to broadband partners it *increased* the price of Dial-up ISP Service to $25.90.

19.    In or about August, 2006, in an apparent about-face, AOL began charging new customers $9.95 for its Dial-up ISP Service and provided its Content Services for free. However, AOL did not reduce the price of its Dial-up ISP Service for its Dial-up ISP Service current customers. Instead, Plaintiff is informed and believes and thereon alleges that AOL continued to charge its current Dial-up ISP Service customers between $23.90 and $25.90 per month for essentially the same service that it provides new members for $9.95. Plaintiff is informed and believes that AOL failed to disclose to its Dial-up ISP Service customers that they could obtain essentially the same service as the Dial-up ISP Service for $9.95.

20.    While AOL purports to offer different services for their $9.95 and $23.90-$25.90 price points for Dial-up ISP Service, the difference is *de minimus* at best and does not warrant any increase in price, let alone a 140-160% price increase. AOL has added a couple of token additional services with little or no value for members paying $23.90-$25.90 in an effort to mislead and defraud its members. Plaintiff is informed and believes and thereon alleges AOL is actively concealing the 140-160% price reduction available to its existing members. Plaintiff is

4

further informed and believes and thereon alleges that AOL only relents to a price reduction for its existing members if a member calls in to complain that they are paying more than double for the same services provided to others. Even under this scenario, Plaintiff is further informed and believes and thereon alleges AOL stonewalls its members and only agrees to a full price reduction after a member threatens to cancel service.

## COUNT I
## VIOLATION OF THE D.C. CONSUMER PROTECTION PROCEDURES ACT
### (D.C. Code §§ 28-3901, *et seq.* )

21.    Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs 1 through 20 above as though set forth fully herein.

22.    Defendant AOL has failed to disclose material facts which has tended to mislead, and which has misled, District of Columbia consumers who purchased AOL's Dial-Up ISP Service at $23.90-$25.90 per month and AOL continues to mislead District of Columbia consumers who continue to purchase AOL's Dial-Up ISP Service at $23.90-$25.90 per month. Intending to deceive District of Columbia consumers to continue to purchase AOL's Dial-Up ISP Service at $23.90-$25.90 per month, Defendant further willfully violated the DCCPPA by knowing concealment, and/or suppression and omission of material facts by continuing to automatically debit $23.90-$25.90 from its loyal existing members' accounts for Dial-up ISP Service, while offering essentially the same Dial-up ISP Service to new members for $9.95.

23.    The aforesaid acts of AOL set out above constitute an unlawful trade practice under the DCCPPA.

24.    By and through the aforesaid unlawful trade practices, Defendant AOL has injured District of Columbia consumers by obtaining monies from said District of Columbia consumers to which Defendant AOL is not entitled.

25.    By engaging in the aforesaid unlawful trade practices Defendant AOL has acted with evil motive, actual malice, deliberate violence or oppression, or with intent to injure, or in willful disregard for the rights of District of Columbia consumers, and said conduct by Defendant AOL is outrageous or grossly fraudulent.

5

Wherefore, Plaintiff, in his representative capacity acting for the interests of the general public, demands of and from Defendant AOL for each individual District of Columbia consumer, and not by way of a common right in a common fund, judgment against Defendant as follows:

1.  Actual damages for each individual District of Columbia consumer in an amount to be determined at trial;

2.  Treble damages or $1,500 per violation of the DCCPPA for each District of Columbia consumer, whichever is greater, in an amount to be determined at trial;

3.  Reasonable attorneys' fees;

4.  Punitive damages in an amount to be determined at trial;

5.  An injunction enjoining Defendant AOL from continuing the unlawful trade practices described herein;

6.  Prejudgment interest in an amount to be determined at trial.

Dated: January 23, 2008

**Rubin, Winston, Diercks, Harris & Cooke, LLP**

Jeffrey Harris (D.C. Bar #925545)
Walter E. Diercks (D.C. Bar #161620)
1155 Connecticut Avenue, N.W., 6th Floor
Washington, D.C. 20036
Telephone: (202) 861-0870
Facsimile: (202) 429-0657

**Pinnacle Law Group**
Andrew A. August (California Bar #112851)
Kevin F. Rooney (D.C. Bar #486357)
425 California Street, Suite 1800
San Francisco, CA 94104

**Law Offices of Giancarlo Terilli, LLC**
Giancarlo Terilli (New York Bar #3030186)
225 Broadway, Suite 2812
New York, NY 10007
Telephone: (212) 962-6454
Facsimile: (212) 962-6045

Attorneys for Plaintiff

# Superior Court of the District of Columbia

## CIVIL DIVISION - CIVIL ACTIONS BRANCH

### INFORMATION SHEET

PAUL M. BREAKMAN

Case Number: _____

vs

Date: __January 23, 2008__

AOL LLC

| | |
|---|---|
| Name: *(please print)* <br> Walter E. Diercks, Esq. | Relationship to Lawsuit <br> [X] Attorney for Plaintiff |
| Firm Name: <br> Rubin, Winston, Diercks, Harris & Cooke, LLP | [ ] Self (Pro Se) <br> Other: _____ |
| Telephone No.:        Six digit Unified Bar No.: <br> (202) 861-0870            161620 | |

TYPE OF CASE:  [ ] Non-Jury     [ ] 6 Person Jury     [X] 12 Person Jury
Demand:$ _15,000,000.00_            Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____  Judge: _____  Calendar #: _____

Case No.: _____  Judge: _____  Calendar #: _____

---

NATURE OF SUIT:     *(Check One Box Only)*

### A. CONTRACTS

[ ] 01 Breach of Contract
[ ] 02 Breach of Warranty
[ ] 06 Negotiable Instrument
[ ] 15 _____

[ ] 07 Personal Property
[ ] 09 Real Property-Real Estate
[ ] 12 Specific Performance

COLLECTION CASES
[ ] 14 Under $25,000 Pltf. Grants Consent
[ ] 16 Under $25,000 Consent Denied
[ ] 17 OVER $25,000

### B. PROPERTY TORTS

[ ] 01 Automobile
[ ] 02 Conversion
[ ] 07 Shoplifting, D.C. Code § 27-102(a)

[ ] 03 Destruction of Private Property
[ ] 04 Property Damage

[ ] 05 Trespass
[ ] 06 Traffic Adjudication

### C. PERSONAL TORTS

[ ] 01 Abuse of Process
[ ] 02 Alienation of Affection
[ ] 03 Assault and Battery
[ ] 04 Automobile-Personal Injury
[X] 05 Deceit (Misrepresentation)
[ ] 06 False Accusation
[ ] 07 False Arrest
[ ] 08 Fraud

[ ] 09 Harassment
[ ] 10 Invasion of Privacy
[ ] 11 Libel and Slander
[ ] 12 Malicious Interference
[ ] 13 Malicious Prosecution
[ ] 14 Malpractice Legal
[ ] 15 Malpractice Medical (Including wrongful death)
[ ] 16 Negligence-(Not Automobile, Not Malpractice)

[ ] 17 Personal Injury – (Not Automobile, Not Malpractice)
[ ] 18 Wrongful Death (Not malpractice)
[ ] 19 Wrongful Eviction
[ ] 20 Friendly Suit
[ ] 21 Asbestos
[ ] 22 Toxic/Mass Torts
[ ] 23 Tobacco

SEE REVERSE SIDE AND CHECK HERE [ ] IF USED

CV-496/July. 07

# INFORMATION SHEET, Continued

**D. OTHERS**

**I.**

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 04 Condemnation (Emin. Domain)
- [ ] 05 Ejectment
- [ ] 07 Insurance/Subrogation
  Under $25,000 Pltf.
  Grants Consent
- [ ] 08 Quite Title
- [ ] 09 Special Writ/Warrants
  DC Code § 11 -941

- [ ] 10 T.R.O./Injunction
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment
- [ ] 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify,
  Vacate Arbitration Award
  (D.C. Code § 16-4315)

- [ ] 25 Liens: Tax/Water Consent Granted
- [ ] 26 Insurance/Subrogation
  Under $25,000 Consent Denied
- [ ] 27 Insurance/Subrogation
  Over $25,000
- [ ] 28 Motion to Confirm Arbitration
  Award (Collection Cases Only)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 30 Liens: Tax/Water Consent Denied

**II.**

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
  Certificate

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
  Judgment [D.C. Code §
  2 -1802.03(h) or 32-1519(a)]
- [ ] 20 Master Meter (D.C. Code §
  42 -3301, et seq.)

- [ ] 21 Petition for Subpoena
  [Rule 28 -I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27 (a)(1)
  (Perpetuate Testimony)

_____
**Attorney's Signature**

January 23, 2008
**Date**

CV-496/July. 07

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

PAUL M. BREAKMAN                           *
5319 42nd Place, NW
Washington, D.C. 20015                     *   Case No. _____

     In His Representative Capacity Acting for the   *   Removed from the Superior Court
     Interests of the General Public,           of the District of Columbia
                                           *   Civil Action No. 08-0000532

         Plaintiffs,          *
v.
                                           *

AOL LLC,                                   *
22000 AOL Way
Dulles, Virginia 20166                     *
3901 Dallas Parkway
Plano, Texas 75093                         *

     A Limited Liability Company,

         Defendant.
*       *       *       *       *       *       *       *       *       *       *       *       *

## NOTICE OF FILING NOTICE OF REMOVAL

TO:    Clerk of the Court
       Superior Court of the District of Columbia
       500 Indiana Ave NW # 3420
       Washington, DC 20001

       Jeffrey Harris
       Walter E. Diercks
       Rubin, Winston, Diercks, Harris & Cooke, LLP
       1155 Connecticut Avenue, N.W.
       6th Floor
       Washington, D.C. 20036

       Andrew A. August
       Kevin F. Rooney
       Pinnacle Law Group
       425 California Street, Suite 1800
       San Francisco, California 94104



EXHIBIT
D

Giancarlo Terilli
Law office of Giancarlo Terilli, LLC
225 Broadway, Suite 2812
New York, NY 10007

PLEASE TAKE NOTICE that Defendant AOL LLC has on this day caused to be filed

with the Clerk of the United States District Court for the District of Columbia a Notice of

Removal in the above-captioned case, a copy of which is hereby served upon you.

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1446(d) the Superior Court of the

District of Columbia shall not proceed further unless and until the case is remanded.

Respectfully submitted,

AOL LLC
*By Counsel*

By: _____/s/_____
John D. Wilburn (Bar # 483290)
McGuireWoods LLP
1750 Tysons Boulevard
Suite 1800
McLean, Virginia 22102-4215
T: 703.712.5000
F: 703.712.5220
jwilburn@mcguirewoods.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of February, 2008, I served a true and correct copy

of the foregoing document via U.S. Mail on:

Jeffrey Harris
Walter E. Diercks
Rubin, Winston, Diercks, Harris & Cooke, LLP
1155 Connecticut Avenue, N.W.
6th Floor
Washington, D.C.  20036

Andrew A. August
Kevin F. Rooney
Pinnacle Law Group
425 California Street, Suite 1800
San Francisco, California  94104

Giancarlo Terilli
Law office of Giancarlo Terilli, LLC
225 Broadway, Suite 2812
New York, NY 10007


_____ /s/ _____
John D. Wilburn

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL M. BREAKMAN<br>5319 42nd Place, NW<br>Washington, D.C. 20015 | *<br><br>*  Case No. _____ |
| In His Representative Capacity Acting for the<br>Interests of the General Public, | *  Removed from the Superior Court<br>   of the District of Columbia |
| Plaintiffs, | *  Civil Action No. 08-0000532<br><br>* |
| v. | * |
| AOL LLC,<br>22000 AOL Way<br>Dulles, Virginia 20166<br>3901 Dallas Parkway<br>Plano, Texas  75093 | *<br><br>*<br><br>* |
| A Limited Liability Company, | |
| Defendant. | |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## DEFENDANT'S NOTICE OF FILING PURSUANT
## TO 28 U.S.C. §1446(d)

Defendant AOL LLC ("AOL"), by its undersigned counsel, hereby notifies the

United States District Court for the District of Columbia that the Defendant promptly filed a

copy of its Notice of Removal in the Superior Court of the District of Columbia, pursuant to

28 U.S.C. §1446(d).  A copy of Defendant's Notice of Filing of Notice of Removal, filed

with the Superior Court of the District of Columbia on February 13, 2008, is attached as

Exhibit 1 to this Notice.

Respectfully submitted,

AOL LLC

Dated: February 13, 2008

By: _____

M. Melissa Glassman (Bar # 417074)
Kevin F. X. De Turris (Bar # 491708)
McGuireWoods LLP
1750 Tysons Boulevard
Suite 1800
McLean, Virginia 22102-4215
T: 703.712.5000
F: 703.712.5220
mglassman@mcguirewoods.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of February, 2008, I served a true and correct

copy of the foregoing document via U.S. Mail on:

Jeffrey Harris
Walter E. Diercks
Rubin, Winston, Diercks, Harris & Cooke, LLP
1155 Connecticut Avenue, N.W.
6th Floor
Washington, D.C.  20036

Andrew A. August
Kevin F. Rooney
Pinnacle Law Group
425 California Street, Suite 1800
San Francisco, California  94104

Giancarlo Terilli
Law office of Giancarlo Terilli, LLC
225 Broadway, Suite 2812
New York, NY 10007

_____
M. Melissa Glassman

*08-*

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS

Paul M. Breakman, in his representative
capacity acting for the General public.   D.C.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

### DEFENDANTS

AOL LLC                                    88888

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Loudoun County, VA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTO

Case: 1:08-cv-00246
Assigned To : Bates, John D.
Assign. Date : 2/13/2008
Description: Contract

JURY ACTION

### II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☒ 4 Diversity
(Indicate Citizenship of Parties
in item III)

### III CITIZENSHIP

FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

### ☒ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| Real Property | Bankruptcy | Forfeiture/Penalty | |
|---|---|---|---|
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| Personal Property<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | Prisoner Petitions<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>Property Rights<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | Other Statutes<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |
| | Federal Tax Suits<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | | |

| □ **G. Habeas Corpus/ 2255** | □ **H. Employment Discrimination** | □ **I. FOIA/PRIVACY ACT** | □ **J. Student Loan** |
|---|---|---|---|
| □ **530 Habeas Corpus-General** □ **510 Motion/Vacate Sentence** | □ **442 Civil Rights-Employment** (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | □ **895 Freedom of Information Act** □ **890 Other Statutory Actions** (if Privacy Act) *(If pro se, select this deck)* | □ **152 Recovery of Defaulted Student Loans (excluding veterans)** |
| □ **K. Labor/ERISA (non-employment)** □ **710 Fair Labor Standards Act** □ **720 Labor/Mgmt. Relations** □ **730 Labor/Mgmt. Reporting & Disclosure Act** □ **740 Labor Railway Act** □ **790 Other Labor Litigation** □ **791 Empl. Ret. Inc. Security Act** | □ **L. Other Civil Rights (non-employment)** □ **441 Voting (if not Voting Rights Act)** □ **443 Housing/Accommodations** □ **444 Welfare** □ **440 Other Civil Rights** □ **445 American w/Disabilities-Employment** □ **446 Americans w/Disabilities-Other** | ☒ **M. Contract** □ **110 Insurance** □ **120 Marine** □ **130 Miller Act** □ **140 Negotiable Instrument** □ **150 Recovery of Overpayment & Enforcement of Judgment** □ **153 Recovery of Overpayment of Veteran's Benefits** □ **160 Stockholder's Suits** ☒ **190 Other Contracts** □ **195 Contract Product Liability** □ **196 Franchise** | □ **N. Three-Judge Court** □ **441 Civil Rights-Voting (if Voting Rights Act)** |

**V. ORIGIN**

□ 1 Original Proceeding  ☒ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify)  □ Multi district Litigation  □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Violation of the D.C.C.P.P.A., D.C. Code §§ 28-3901, et. seq.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS  □  ACTION UNDER F.R.C.P. 23  **DEMAND $**  Check YES only if demanded in complaint  **JURY DEMAND:** □ YES  □ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  □ YES  □ NO  If yes, please complete related case form.

DATE 2/13/08  SIGNATURE OF ATTORNEY OF RECORD  (M. Glassman)

① permission
② Application for Admission to this Court pending.

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.