**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PAUL M. BREAKMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:08-Cv-246 (JDB) |
| | ) | |
| AOL, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO REMAND AND FOR AWARD OF COSTS**

Plaintiff, Paul M. Breakman, in his representative capacity acting for the interests of the general public, by and through undersigned counsel, Rubin, Winston, Diercks, Harris & Cooke, L.L.P. and pursuant to Fed. R. Civ. P. 7, LCvR 7, and 28 U.S.C. 1447(c), moves to remand the above-captioned case to the Superior Court of the District of Columbia and for an award of just costs and expenses, including attorneys' fees, incurred as a result of the removal because this Court lacks original subject matter jurisdiction.

A Memorandum of Points and Authorities in support of the Motion and a proposed order are attached. The discussion required by LCvR 7(m) occurred on February 20, 2008 and counsel for Defendant informed counsel that Defendant opposed the relief sought.

Respectfully submitted,

/s/ Walter E. Diercks
Walter E. Diercks (Bar #161620)
Jeffrey Harris (Bar #925545)

Rubin, Winston, Diercks, Harris & Cooke, LLP
Sixth Floor, 1155 Connecticut Avenue, NW Sixth Floor
Washington, D.C. 20036
Phone (202) 861-0870
Fax (202) 429-0657

Kevin F. Rooney (D.C. Bar #486357)
Andrew A. August (California Bar #112851)
Pinnacle Law Group
425 California Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 394-5700
Fax: (415) 394-5003

Giancarlo Terilli (New York Bar #3030186)
Law Offices of Giancarlo Terilli, LLC
225 Broadway, Suite 2812
New York, NY 10007
Telephone: (212) 962-6454
Fax: (212) 962-6045

Counsel for the Plaintiff
Paul M. Breakman

Dated: February 21, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **PAUL M. BREAKMAN** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
|     v. | ) | 1:08-CV-246 (JDB) |
| | ) | |
| **AOL, LLC** | ) | |
| | ) | |
|     **Defendants.** | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION TO REMAND AND FOR AWARD OF COSTS**

Plaintiff, Paul M. Breakman, in his representative capacity acting for the interests of the general public, by and through undersigned counsel, Rubin, Winston, Diercks, Harris & Cooke, L.L.P. and pursuant to Fed. R. Civ. P. 7, LCvR 7, and 28 U.S.C. 1447(c), moves to remand the above-captioned case to the Superior Court of the District of Columbia and for an award of just costs and expenses, including attorneys' fees, incurred as a result of the removal because this Court lacks original subject matter jurisdiction, stating as follows:

The instant case was filed on January 23, 2008 in the Superior Court of the District of Columbia. Plaintiff is bringing this action "in a representative capacity on behalf of the interests of the general public against AOL, LLC ("AOL" or "Defendant") for unlawful trade practices under the District of Columbia Consumer Protection Procedures Act ("DCCPPA"), D.C. Code §§ 28-3901, *et seq*. (Complaint at ¶ 5). The Complaint alleges that Defendants AOL, LLC engaged in unlawful trade practices in violation of the DCCPPA by charging its current and past members more than double the price offered to new members for essentially the same services and failing to disclose to said current and past members that essentially the same services are available at less than half the price they are being charged. Defendant AOL was served with the summons, complaint and initial order on January 24, 2008.

On February 13, 2008 Defendant AOL filed a Notice of Removal pursuant to 28 U.S.C. 1447. 28 U.S.C. 1447(a) requires that a defendant desiring to remove a civil action from a State court shall file a notice of removal "containing a short and plain statement of the grounds for removal." Defendants' Notice of Removal claims that this court has original jurisdiction over this case solely under the provisions of the Class Action Fairness Act ("CAFA") (codified in relevant part at 28 U.S.C. 1332(d)) because the case allegedly is a class action, there allegedly is the required diversity under CAFA and the amount in controversy, exclusive of interest and costs, allegedly exceeds the sum or value of $5,000,000. (Notice of Removal at 2). In fact, the instant case is a representative action brought under the DCCPPA and is not a class action to which the Class Action Fairness Act applies. Therefore, this case should be remanded to the Superior Court for the District of Columbia and the Court should require Defendants to pay just costs and actual expenses, including attorneys' fees, incurred by Plaintiff as a result of the improper removal.

## I.     Standard for Removal and Remand

The removal statute, 28 U.S.C. 1441(a), provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such cause of action is pending." The provision extends to those actions in which original jurisdiction exists on the basis of diversity of citizenship. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). If a removal is effected, the plaintiff may by a motion to remand take issue with the statements in the notice of removal. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *National Org. for Women v. Mutual of Omaha Ins. Co.*, 612 F.Supp. 100, 102-03 (D.D.C. 1985).

> **II.    Defendant Seeks to Remove Based upon the Removal Provisions of the Class Action Fairness Act; The Class Action Fairness Act Specifically Does Not Permit Removal of Private Attorney General Actions Such as the Instant Case**

Defendant AOL, LLC ("AOL") removed this case to the United States District Court "[b]ased on the Class Action Fairness Act."[1] (Notice of Removal p.2). In support of its claim that removal is proper under the CAFA, AOL asserts that (i) the instant action is a class action; (ii) the aggregate amount at issue exceeds 5 million dollars; and (iii) a member of the class is a citizen of a different state than AOL. AOL also incorrectly states that the Plaintiff is suing "both individually and as a representative of a putative class." (Notice of Removal pp. 1-3.) As will be demonstrated below, AOL's Notice of Removal is fraught with fatal errors.

The Complaint is this action is not a class action at all. Rather it is a representative action brought by a private citizen acting for the interests of the general public. Such an action is commonly referred to as a "Private Attorney General Action." A reading of the Complaint makes clear that the Plaintiff is bringing this action solely in his representative capacity and not in his individual capacity.

The Complaint is brought under the District of Columbia Consumer Protection and Procedures Act, D.C. Code §§ 28-3901 *et. seq.* ("DCCPPA). The DCCPPA specifically authorizes a private attorney general to file suit on behalf of the general public. This authority is found in D.C. Code §§ 28-3905(k)(1) which provides in pertinent part, "A person, whether acting for the interests of itself, its members, or the general public, may bring an action under this chapter in the Superior Court of the District of Columbia seeking relief from the use by any person of a trade practice in violation of a law of the District of Columbia . . . ."

---

[1] The relevant portion of the Class Action Fairness Act is codified at 28 U.S.C. 1332(d).

The dispositive fatal flaw in AOL's removal under the CAFA is that CAFA does not permit removal of "any civil action in which - - - all of the claims in the action are asserted on behalf of the general public (and not on behalf of individual claimants or members of a purported class) pursuant to a State statute specifically authorizing such action . . . ." 28 U.S.C. 1392 (11) (B) (ii) (III). The instant case is just such a case. It is brought under a state law, *i.e.*, the law of the District of Columbia, which specifically authorize such an action.[2] All of the claims are brought on behalf of the general public and not on behalf of specific individuals.

The structure of CAFA's removal provisions, which end with several exceptions to the authorized removal, is as follows: CAFA permits the removal to federal court of class actions which in which the aggregate amount in controversy exceeds 5 million dollars. It relaxes the traditional complete diversity requirement and contains a "Chinese menu" of situations in which the court must or may allow removal, depending on the level of diversity. 28 U.S.C. 1392(d) 2-9. CAFA goes on to permit removal of mass actions (those being actions with more than 100 named plaintiffs). However, in mass action there is an additional requirement before removal is permitted. That additional requirement is that removal is only permitted as to those plaintiffs who meet the traditional $75,000 amount in controversy requirement. 28 U.S.C. 1392(d)(11)(B)(I). Lastly, CAFA contains four exceptions that are not mass actions and therefore not removable under the authority of CAFA. Included among these is the one set out above which is dispositive as to the instant case, namely actions asserted on behalf of the general public. The Senate Report that accompanied the bill that became the CAFA addressed this exception thusly:   "The third exception addresses a very narrow situation, specifically a law like the California Unfair Competition Law, which allows individuals to bring a suit on behalf of the general public. Such a suit would not qualify as

---

[2] The District of Columbia is a "State" for purposes of CAFA. 28 U.S.C. 1332(e) ("The word 'States', as used in this section includes . . . the District of Columbia . . . .").

a mass action." S. Rep. No. 14, 109th Cong., 1st Sess. (2005). The DCCPPA is a law like the California Unfair Competition Law prior to the California law's amendment in late 2004, in that it allows individuals, such as the Plaintiff herein, to bring a suit on behalf of the general public.

It is well worth noting that, even in the absence of the dispositive exception for private attorney general actions, AOL's removal would require a remand to Superior Court even if this action was a true mass action with a large number of individual plaintiffs because AOL could not allege that any such plaintiff met the $75,000 amount in controversy requirement.

It is clear that CAFA does not provide a basis to remove this private attorney general action to this Court. Therefore, the Court should remand the case to the Superior Court of the District of Columbia.

### III.     **The Court Should Award Plaintiff Costs and Expenses of Removal**

28 U.S.C. § 1447(c) provides that, where a court remands a case, it "may require payment of just costs and any actual expenses, including attorneys' fees incurred as a result of removal." The imposition of costs and expenses is at the Court's discretion. *Weigert v. Georgetown Univ.*, 43 F. Supp.2d 5, 7 (D.D.C. 1999); *Johnson-Brown v. 2200 M Street LLC, et al.*, 257 F. Supp.2d 175, 177, 180-81). "Courts have uniformly held that a relevant factor for imposing costs and expenses is whether the removing party contradicts well-settled law in attempting to remove the case to federal court. Indeed, if non-removability is obvious or contrary to well-settled law, courts regularly impose costs and expenses incurred as a result of removal." *Johnson-Brown*, 257 F. Supp.2d at 181. This Court has succinctly stated that an award of costs and expenses "if the removal was either frivolous or in bad faith." *Bhagwananiv. Howard University*, 355 F. Supp.2d 294, 303 (D.D.C. 2005) (*citing Ibrahim v. 1417 N St. Associates*, 950 F. Supp. 406 (D.D.C. 1997)).

In the instant case, as demonstrated above, the Notice of Removal is fatally deficient on its face because the Class Action Fairness Act clearly is not applicable to this case

because this case is a representative action brought under the DCCPPA and not a class action. Had AOL read CAFA and the Complaint with even a minimum level of care, the conclusion that CAFA did not support removal of the instant case could not have escaped notice. Thus, the Notice of Removal is clearly fatally flawed, and, hence, frivolous. This Court therefore should require Defendant to pay Plaintiff's costs and actual expenses, including attorneys' fees.

### IV.     Conclusion

The Defendants' Notice of Removal is fatally flawed for the simple reason that the instant case is a representative action brought on behalf of the interests of the general public under the DCCPPA and is not a class action to which the provisions of 28 U.S.C. 1331(d) apply. The Notice of Removal therefore is not supported by either the facts or the law and is, indeed, frivolous. Therefore, this Court should remand the case to the Superior Court of the District of Columbia and order Defendant to pay Plaintiff's costs and actual expenses, including attorneys' fees, incurred as a result of Defendant's attempt to remove this case to this Court.

WHEREFORE, Plaintiff Paul M. Breakman respectfully moves this Court to remand the instant case and to order Defendant to pay Plaintiff's costs and actual expenses, including attorneys' fees, incurred as a result of Defendants' improper attempt to remove this case to this Court.

Respectfully submitted,

/s/ Walter E. Diercks
Walter E. Diercks (Bar #161620)
Jeffrey Harris (Bar #925545)

Rubin, Winston, Diercks, Harris & Cooke, LLP
Sixth Floor, 1155 Connecticut Avenue, NW
Washington, D.C.  20036
Phone (202) 861-0870
Fax: (202) 429-0657

        Kevin F. Rooney (D.C. Bar #486357)
        Andrew A. August (California Bar #112851)
        Pinnacle Law Group
        425 California Street, Suite 1800
        San Francisco, CA 94104
        Telephone: (415) 394-5700
        Fax: (415) 394-5003

        Giancarlo Terilli (New York Bar #3030186)
        Law Offices of Giancarlo Terilli, LLC
        225 Broadway, Suite 2812
        New York, NY 10007
        Telephone: (212) 962-6454
        Fax: (212) 962-6045

        Counsel for the Plaintiff
        Paul M. Breakman

Dated: February 21, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **PAUL M. BREAKMAN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 1:08-Cv-246 (JDB) |
| | ) | |
| **AOL, LLC** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROPOSED ORDER**

Upon consideration of the "Plaintiff's Motion to Remand and Award of Costs," the opposition thereto and the record before this Court, it is this ___ day of _____, 2008 hereby

ORDERED that the motion is granted, and it is

FURTHER ORDERED that:

This action be and the same hereby is remanded to the Superior Court of the District of Columbia; and it is

FURTHER ORDERED that:

Defendant pay Plaintiff the costs and expenses, including reasonable attorneys' fees, he incurred as a result of Defendant's improper removal of the case to this court in an amount to be determined by the court; and it is

FURTHER ORDERED that:

By _____ __, 2008 the Plaintiff file an itemized list of costs and expenses

relevant to the Defendant's removal; and it is

FURTHER ORDERED that by _____ __, 2008 Defendants may file a response to Plaintiff's list of itemized expenses, not to exceed three (3) pages in length, which shall be limited to the narrow issue of the appropriate calculation of the compensatory sum owed to Plaintiff.

SO ORDERED:

_____
United States District Judge

PLEASE SERVE:

Walter E. Diercks, Esq.
Jeffrey Harris, Esq.
Rubin, Winston, Diercks, Harris & Cooke, L.L.P.
Sixth Floor, 1155 Connecticut Avenue, N.W.
Washington, D.C. 20036

Kevin F. Rooney, Esq.
Pinnacle Law Group
425 California Street, Suite 1800
San Francisco, CA 94104

M. Melissa Glassman, Esq.
Kevin F.X. De Turris, Esq.
Anand V. Ramana, Esq.
McGuire Woods LLP
1750 Tyson's Blvd,, Suite 1800
McLean, VA 22102