IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL M. BREAKMAN, in a representative capacity acting for the interests of the general public,<br><br>*Plaintiff,*<br><br>v.<br><br>AOL LLC,<br><br>*Defendant.* | Civil Action No. 1:08cv00246 (JDB) |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS

Defendant AOL LLC ("AOL"), by counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Civil Rule 7(a), files this Memorandum in Support of its Rule 12(b)(6) Motion to Dismiss the complaint ("Complaint") filed by Plaintiff Paul M. Breakman ("Breakman").

### STATEMENT OF FACTS

On January 23, 2008, Breakman filed his Complaint in the Superior Court of the District of Columbia against AOL. Breakman alleges that AOL violated the District of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28-3901, *et seq.* ("DCCPPA") by charging two different rates for "essentially the same Dial-up ISP Service." (Compl. ¶¶ 21-25.) Breakman concludes that this is an unlawful trade practice in violation of the DCCPPA. (Compl. ¶ 23.) This Court should dismiss the Complaint because Breakman has not alleged facts sufficient to support his standing to assert his DCCPPA claim.

1

The Complaint also contains allegations about Breakman himself. Breakman alleges that he represents all current and past District of Columbia subscribers who paid the higher price for AOL's dial-up service, and the general public. (Compl. ¶¶ 1, 4, 5.) Breakman alleges that he is a resident of the District of Columbia. (Compl. ¶ 14.) Furthermore, the Complaint contains the following allegations based on Breakman's "information and belief:"

> Plaintiff <u>is informed and believes</u> and thereon alleges that AOL continued to charge its current Dial-up ISP Service customers between $23.90 and $25.90 per month for essentially the same service that it provides new members for $9.95. Plaintiff <u>is informed and believes</u> that AOL failed to disclose to its Dial-up ISP Service customers that they could obtain essentially the same service as the Dial-up ISP Service for $9.95.
>
> \*   \*   \*
>
> Plaintiff <u>is informed and believes</u> and thereon alleges AOL is actively concealing the 140-160% price reduction available to existing members. Plaintiff <u>is further informed and believes</u> and thereon alleges that AOL only relents to a price reduction for its existing members if a member calls in to complain that they are paying more than double for the same services provided to others. Even under this scenario, Plaintiff <u>is further informed and believes</u> and thereon alleges AOL stonewalls its members and only agrees to a full price reduction after a member threatens to cancel service.

(Compl. ¶¶ 19, 20 (emphasis added).) Finally, Breakman seeks the following damages in the Complaint's <u>ad damnum</u> clause:

> Wherefore, Plaintiff, in his representative capacity acting for the interests of the general public, demands of and from Defendant AOL for each individual District of Columbia consumer, . . . judgment against Defendant as follows:
>
> 1. Actual damages for each individual District of Columbia consumer in an amount to de determined at trial;
>
> 2. Treble damages or $1,500 per violation of the DCCPPA for each District of Columbia consumer, whichever is greater, in an amount to be determined at trial;
>
> 3. Reasonable attorneys' fees;
>
> 4. Punitive damages in an amount to be determined at trial;

2

5. An injunction enjoining Defendant AOL from continuing the unlawful trade practices described herein;

6. Prejudgment interest in an amount to be determined at trial.

(Compl. ¶ 25.)

The Complaint, however, is devoid of any allegations that Breakman is – or ever has been – a subscriber of AOL's dial-up services. (*See generally*, Compl.) Breakman does not allege that he is part of the class that he represents. (*Id.*) He does not allege that AOL breached any duty to him, that he was misled by AOL, or that he sustained any actual, consequential, or exemplary damages as a result of AOL's alleged conduct. (*Id.*)

## ARGUMENT

To state a claim for violation of the DCCPA, a plaintiff must allege that he or she suffered an injury. Absent such an allegation, a plaintiff has failed to state a cognizable claim, lacks standing to pursue an action on behalf of the general public, and his or her action must be dismissed. Indisputably, Breakman has not alleged any injury-in-fact to himself. Accordingly, Breakman fails to state a claim upon which this Court can grant him relief, and this Court should dismiss the Complaint with prejudice.

I. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of the complaint." *Williams v. Purdue Pharma Co.*, 297 F. Supp. 2d 171, 173 (D.D.C. 2003) (quoting *ACLU Foundation of S. California v. Barr*, 952 F.2d 457, 472 (D.C. Cir. 1991)); see *Hoyte v. Yum! Brands, Inc.*, 489 F. Supp. 2d 24, 27 (D.D.C. 2007) (citations omitted). Under Rule 12(b)(6), a court should determine whether the claimant has properly stated a claim, but not whether a plaintiff will prevail on the merits. *Williams*, 297 F. Supp. 2d at 173. To do so, a court must

3

treat the complaint's factual allegations (including mixed questions of law and fact) as true and draw all reasonable inferences in the non-movant's favor. *Id.*; *Hoyte*, 489 F. Supp. 2d at 27. However, the court need not accept the plaintiff's legal conclusions. *Williams*, 297 F. Supp. 2d at 173. Furthermore, a court may reject plaintiff's inferences "if such inferences are unsupported by the facts set out in the complaint," or "legal conclusions cast in the form of factual allegations." *Hoyte*, 489 F. Supp. 2d at 27.

II.   **THIS COURT SHOULD DISMISS THE COMPLAINT WITH PREJUDICE BECAUSE BREAKMAN HAS NOT ALLEGED FACTS SUFFICIENT TO SUPPORT HIS STANDING TO BRING THIS LAWSUIT.**

The Complaint is fatally deficient because it does not include any allegations that Breakman suffered any injury-in-fact, which is required to support his standing to assert a DCCPPA claim.

Article III of the United States Constitution limits this Court's judicial power to adjudicating only actual "cases or controversies." *Williams*, 297 F. Supp. 2d. at 177. In enforcing this constitutional requirement, courts have developed, among other things, the justiciability doctrine of "standing." *Id.* To satisfy the constitutional "standing" requirement, a plaintiff must establish that he has suffered an "injury in fact," which is "an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, [and] not conjectural or hypothetical." *Id.* at 177 (citing *Friends of Tilden Park, Inc. v. District of Columbia*, 806 A.2d 1201, 1206 (D.C. 2002); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)); *see also Hakki v. Zima Co.*, 2006 WL 852126 *2 (D.C. Sup. Ct. 2006).

The injury-in-fact test requires more than an injury to a cognizable interest; it requires that the party seeking judicial review be among the injured. *Id.* at 178 (citing *Sierra Club v. Morton*, 405 U.S. 27, 734-35 (1972); *accord Lujan*, 504 U.S. at 563). A plaintiff must allege

more than a defendant's violation of a legal duty owed to other similarly situation persons. *Id.* at 178. He must allege that the defendant violated a legal duty owed <u>to him</u> – the injury must be personal. *Id.* at 178 (citing *Bertulli v. Independent Ass'n of Continental Pilots*, 242 F.3d 290, 294 (5th Cir. 2001)); *Hakki*, 2006 WL 852126 *2. The broad language of the DCCPPA does not modify these constitutional standing requirements.[1] *Hoyte*, 489 F. Supp. 2d at 6; *Hakki*, 2006 WL 852126 *2 n.1 (finding that "[t]here is no indication that the Council intended to legislate away the time-honored principles of standing as they apply to [DCCPPA] claims, whether alone or as representatives of a proposed class").

This Court has dismissed at least two DCCPPA complaints that do not contain sufficient standing allegations. In *Williams v. Purdue Pharma Co.*, 297 F. Supp. 2d at 172, 173, the plaintiffs, who were users of the pain relief medication OxyContin, alleged that the defendant drug manufacturers violated the DCCPPA by engaging in deceptive, misleading, and fraudulent advertising of OxyContin. Specifically, plaintiffs claimed that the defendants advertised that OxyContin would provide pain relief for twelve hours, and that there was little risk of addiction associated with the drug. *Id.* at 173. The plaintiffs, who sought to represent all persons who purchased or received the medication in the District of Columbia, did not allege that OxyContin failed to provide <u>them</u> effective pain relief, or that <u>they</u> suffered any adverse effects from using OxyContin. *Id.* at 173, 176. The defendants moved to dismiss the complaint pursuant to Rule 12(b)(6), arguing that the complaint was fatally deficient because it did not contain any allegations of "any particularized and specific injury-in-fact suffered by these plaintiffs." *Id.* at

---

[1] Prior to 2000, the DCCPPA required that the consumer demonstrate that he suffered actual damages. *Williams*, 297 F. Supp. 2d at 176. The D.C. City Council amended the DCCPPA in 2000, though, and apparently removed this limitation. See *id.* The DCCPPA now provides that a "person, whether acting for the interests of itself, its members, or the general public, may bring an action under [the DCCPPA] . . . seeking relief from the use by any person of a trade practice in violation of a law of the District of Columbia . . ." D.C. Code § 28-3905(k)(1).

177. This Court agreed that plaintiffs failed to allege standing to pursue their claims on their "fraud on the market" theory, and dismissed the complaint accordingly. *Id.* at 177, 178. In dismissing the complaint, this Court opined on the 2000 amendment to the DCCPPA, see *supra* at n.1, which purportedly broadened the scope of the statute:

> Standing to assert a claim or counterclaim, when challenged, requires a showing of actual or threatened injury redressable by the court. [Citations omitted.] Standing requires "individualized proof" of both the fact and the extent of the injury. [Citations omitted.] <u>The amendment to the CPPA in 2000 did not change the requirements for standing under D.C. law, despite its broad language</u>.

*Id.* at 177 (emphasis added).

Similarly, this Court dismissed the complaint in *Hoyte v. Yum! Brands, Inc.*, 489 F. Supp. 2d at 26. In that case, a doctor asserted, <u>inter alia</u>, a DCCPPA claim against the KFC food chain. *Id.* at 26. Specifically, the doctor claimed that KFC failed to disclose the presence of trans fat in its food, and that KFC made misleading statements to the public concerning its food's content. *Id.* at 26. The doctor, however, did not allege that <u>he</u> suffered any ill effects from eating the food, or emotional harm, or that <u>he</u> sustained any economic injuries. *Id.* at 28. Like the *Williams* Court, the *Hoyte* Court dismissed the complaint because plaintiff did not present an actual or threatened injury-in-fact, and therefore did not allege standing to raise his DCCPPA claims. *Id.* at 29.

Moreover, the District of Columbia Superior Court has also dismissed a DCCPPA complaint on the same grounds. In *Hakki v. Zima Co.*, 2006 WL 852126 (D.C. Sup. Ct. 2006), the plaintiff asserted a DCCPPA claim against alcohol manufacturers, importers, and associations on the grounds that they intentionally and illegally advertised alcohol to teenagers. 2006 WL 852126 * 1. The plaintiff in *Hakki* proposed to represent parents of children whose family resources were, or may be, used by underage drinkers to purchase alcohol. *Id.* The

plaintiff, however, did not allege that he had a child, that any underage child actually purchased alcohol, or that any child ever even saw the advertisements. *Id.* at *2. The Superior Court's conclusion that the plaintiff failed to allege standing was clear:

> However as much as Plaintiff may abhor teenage drinking and the profits Defendants may knowingly and intentionally reap from it, he does not have a private right of action unless he can plead an injury in fact to a legally protected interest that is particular to him, which Plaintiff's complaint does not allege.

*Id.* In dismissing the complaint with prejudice, the Superior Court explained: "[t]he blunt instrument of a private civil action for damages or injunctive relief, where there is no direct injury alleged, is not the device our constitution and democratic institutions have chosen to impose standards of conduct on purveyors of alcohol at the manufacturing level." *Id.* at *5.

Like the plaintiffs in *Williams*, *Hoyte*, and *Hakki*, Breakman is simply asserting a "fraud on the market" theory in his Complaint. Breakman's allegations about the legally significant facts underpinning his DCCPPA claim are based on his "upon information and belief," and not on his own experience or first-hand knowledge. (See Compl. ¶¶ 19, 20.) Moreover, Breakman fails to allege any "concrete and particularized" or "actual or imminent" harm to himself. Breakman does not allege – or even suggest – that he is among those injured by AOL's purported actions. He does not allege that he even subscribes to AOL's dial-up services (or any AOL services), nor does he allege that AOL violated any legal duty owed to him. There is simply no hint of personal or particular injury to Breakman anywhere in the Complaint. Although Breakman may disagree with AOL's alleged business practices, suing AOL under the DCCPPA when he has not suffered any injury from those practices is simply not permitted by the constitutional jurisprudence of District of Columbia federal and local courts.

Absent any allegations of injury-in-fact to himself, Breakman has failed to allege his standing to proceed in this Court. See *Williams*, 297 F. Supp. 2d. at 178. Without properly

7

alleging standing to pursue his DCCPPA claim, Breakman cannot state a claim upon which this Court can grant him any relief. *Id.* at 178; see *Hoyte*, 489 F. Supp. 2d at 29. Therefore, this Court should dismiss the Complaint like it dismissed the complaints in *Williams* and *Hoyte*. 297 F. Supp. 2d at 178; 489 F. Supp. 2d at 29.

Furthermore, this Court should dismiss the Complaint <u>with prejudice</u>. See *Hakki*, 2006 WL 852126 *5 (dismissing DCCPPA complaint with prejudice for failure to allege injury in fact to plaintiff). Absent any allegations of particularized injury to himself, Breakman <u>cannot</u> allege standing to pursue this claim in this Court or in the Superior Court of the District of Columbia. Accordingly, this Court should dismiss the Complaint with prejudice.

## CONCLUSION

For the foregoing reasons, Breakman has failed to allege facts sufficient to support his standing to pursue the DCCPPA claims he asserts. Therefore, he has failed to state a claim upon which relief can be granted. This Court should grant AOL's Motion to Dismiss and dismiss the Complaint with prejudice.

Dated: February 21, 2008

Respectfully submitted,

**AOL LLC**

*By Counsel*

**MCGUIREWOODS LLP**
1750 Tysons Boulevard
Suite 1800, Tysons Corner
McLean, Virginia 22102
Tel: (703) 712-5000
Fax: (703) 712-5220
E-mail: mglassman@mcguirewoods.com
kdeturris@mcguirewoods.com
aramana@mcguirewoods.com
*Counsel for Defendant AOL LLC*

8

/s/_____
M. Melissa Glassman (D.C. Bar No. 417074)
Kevin F. X. De Turris (D.C. Bar No. 491708)
Anand V. Ramana (D.C. Bar No. 489478)

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February, 2008, a copy of the foregoing pleading was sent by first-class U.S. mail, postage prepaid, to the following:

>Jeffrey Harris
>Walter E. Diercks
>Rubin, Winston, Diercks, Harris & Cooke, LLP
>1155 Connecticut Avenue, N.W.
>6th Floor
>Washington, D.C. 20036
>
>Andrew A. August
>Kevin F. Rooney
>Pinnacle Law Group
>425 California Street, Suite 1800
>San Francisco, California 94104
>
>Giancarlo Terilli
>Law office of Giancarlo Terilli, LLC
>225 Broadway, Suite 2812
>New York, NY 10007

>/s/_____
>Anand V. Ramana (D.C. Bar No. 489478)
>**MCGUIREWOODS LLP**
>1750 Tysons Boulevard, Suite 1800
>McLean, Virginia 22102
>Tel: (703) 712-5000
>Fax: (703) 712-5220
>Email: aramana@mcguirewoods.com
>   *Attorney for Defendant AOL LLC*