## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL M. BREAKMAN, in a representative capacity acting for the interests of the general public,<br><br>    *Plaintiff,*<br><br>   v.<br><br>AOL LLC,<br><br>    *Defendant.* | Civil Action No. 1:08cv00246 (JDB) |

### AMENDED NOTICE OF REMOVAL

Defendant AOL LLC ("AOL"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this amended notice of removal. In support thereof, AOL states the following:

## I. BASIS FOR FILING THIS AMENDED NOTICE OF REMOVAL

1. A defendant may freely amend its Notice of Removal prior to the expiration of the thirty (30) day period to file a Notice of Removal. *Northern Illinois Gas Co. v. Airco Industrial Gases, Div. of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982). Here, the Plaintiff filed his Complaint in this action on January 23, 2008. It was served upon AOL's registered agent, Corporate Service Company, on January 24, 2008. Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days, after the receipt by the defendant, through service or otherwise, of the initial pleading setting forth the claim for relief upon which such action or proceeding is based..." *Id.* Thus, AOL's time to file a Notice

of Removal expires Monday, February 25, 2008,[1] and AOL is permitted to submit this Amended Notice of Removal to assert that this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) as well as the Class Action Fairness Act, ("CAFA"), 28 U.S.C. § 1332(d)(2), if Plaintiff's Complaint is deemed to be a class action lawsuit. *See, Northern Illinois Gas Co.,* 676 F.2d at 273.

## II.    PLAINTIFF'S COMPLAINT

2.      Defendant AOL is a Delaware limited liability company headquartered in Dulles, Virginia. It provides consumers throughout the United States with a variety of interactive computer services. (Declaration of John Baumeister, attached hereto as **Exhibit A,** ¶ 3).

3.      Plaintiff Paul M. Breakman ("Plaintiff") is a citizen of the District of Columbia. (Compl. ¶ 14). Plaintiff Paul M. Breakman brought this action in a purported representative capacity on behalf of the interests of the general public alleging that AOL willfully violated the District of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28-3901, *et seq.* ("DCCPPA"), by knowingly concealing, and/or suppressing or omitting to disclose material facts by continuing to charge its current and past members a higher price for AOL's dial-up ISP services than it charged new members. (Compl. ¶¶ 5, 21-25).

4.      Plaintiff alleges in his Complaint a single cause of action against AOL for violation of the DCCPPA (Compl. ¶¶ 21-25).

5.      Based on the alleged knowing concealment, and/or suppression of, and/or omission to disclose material facts to its District of Columbia customers, Plaintiff seeks: (1) actual damages for each individual District of Columbia consumer in an amount to be

---

[1] The actual thirtieth day falls on Saturday, February 23, 2008. However, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure when a the last day to act falls on a Saturday, Sunday or legal holiday "the period runs until the end of the next day which is not one of the aforementioned days."

determined at trial; (2) treble damages or $1,500 per violation of the DCCPPA for each District of Columbia consumer, whichever is greater, in an amount to be determined at trial; (3) reasonable attorneys' fees; (4) punitive damages in an amount to be determined at trial; (5) an injunction enjoining Defendant AOL from continuing the unlawful trade practices described in the Complaint; and (6) prejudgment interest in an amount to be determined at trial. (Compl. ¶¶ 25).

### III.    REMOVAL BASED ON DIVERSITY JURISDICTION

6.      This Court has jurisdiction over this action under 28 U.S.C. § 1332(a), which provides in pertinent part:  "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between – (1) citizens of different States . . . ."

7.      There is complete diversity of citizenship between Plaintiff and Defendant.  The named Plaintiff, Paul M. Breakman, is a citizen of the District of Columbia, (Compl. ¶ 14), and Defendant AOL is a citizen of Delaware and Virginia. (Baumeister Decl. ¶ 3).

8.      In addition, the amount in controversy in this matter well exceeds the $75,000 jurisdictional requirement.  Here, the Plaintiff has made demand upon AOL in the amount of $15,000,000. (See Information Sheet, attached hereto as **Exhibit B**.)  In addition, the Plaintiff is seeking $1,500 in statutory damages for each individual AOL consumer residing in the District of Columbia who has paid for a $23.90 or $25.90 AOL Dial-Up Advantage service plan notwithstanding the availability of $9.95 AOL Basic Dial-Up and High Speed Essentials service plans.  There are twenty-eight thousand four hundred fifty-one (28,451) AOL consumers in the District of Columbia for whom the Plaintiff seeks damages. (Baumeister Decl. ¶ 6).  Thus the

amount in controversy Plaintiff seeks to recover on behalf of the District of Columbia general public exceeds $42,000,000.00. (Baumeister Decl. ¶ 7).

9.     The Plaintiff also seeks damages for the actual damages incurred by each individual District of Columbia consumer in an amount to be determined at trial. Under this theory of the Plaintiff's case, the amount in controversy is also well in excess of the $75,000 jurisdictional requirement of 28 U.S.C. § 1332(a). Calculating the actual damages shows that the amount in controversy for actual damages, presuming a finding of entitlement, would be $6,213,441.65. This sum is arrived at by taking the total amount billed for each of the 28,451 District of Columbia AOL customers subject to this lawsuit, $6,368,347.40, less $111,907.92 in credit and $42,997.83 in chargebacks. (Baumeister Decl. ¶ 8).

10.     In addition, the amount in controversy requirement is satisfied as the monetary effect of the requested injunctive relief will exceed $75,000 if AOL is required to modify, revise, or change its current practices and procedures to remedy the issues complained of in the Complaint. "The value of injunctive relief for determining the amount in controversy can be calculated as the cost to the defendant." *Wexler v. United Air Lines*, 496 F. Supp. 2d 150, 154 (D.D.C. 2007); *see also, Comm. For GI Rights v. Callaway*, 171 U.S. App. D.C. 73, 518 F.2d 466, 472-73 (D.C. Cir. 1975); *Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591 (7th Cir. 2004) (holding diversity jurisdiction established where defendant's affidavits included a calculation of injunctive compliance costs).

11.     AOL offers its District of Columbia consumers two separate service plans: (1) AOL Dial-Up Advantage and (2) AOL Basic Dial-Up and High Speed Essentials. Consumers are charged $23.90 or $25.90 a month for the AOL Dial-Up Advantage service plan, and $9.95

4

for the AOL Basic Dial-Up and High Speed Essentials service plan. (Supplemental Declaration of John Baumeister, attached hereto as **Exhibit E,** ¶ 5).

12.     If AOL were enjoined from continuing its current practice of offering a $23.90 or $25.90 AOL Dial-Up Advantage service plan and required to only offer D.C Consumers its $9.95 AOL Basic Dial-Up and High Speed Essentials service plans, AOL would need to expend time and resources to create and integrate the new price plans into AOL's existing billing systems. This would require AOL programmers to reprogram AOL's existing billing systems to "connect" the Support Portal User Interface to the backend system infrastructure. (Baumeister Supp. Decl. ¶ 6).

13.     As part of this process, AOL would be required to reprogram its current billing system to create the capability to identify and separate D.C. consumers from consumers nationwide, as an injunction would require AOL to treat its D.C. consumers differently. AOL does not currently have this ability. Additionally, the project will require management involvement, and quality assurance oversight. (Baumeister Supp. Decl. ¶ 7).

14.     The Support Portal Team, which handles online member support, is currently working on the creation of a new price plan online. This current project is similar to, however less intricate, then the one that AOL would be required to perform if the injunctive relief the Plaintiff has requested is granted. In the ongoing project, there are two components to the work. The first is the creation of the AOL back-end infrastructure. This includes the creation of the new price plans in the billing systems, the programming to connect the front-end user interface to the back-end systems, basic rostering by account number, required reporting capabilities, detailed price plan messaging to members, the program management of the effort, the quality assurance review and final deployment. This effort has been budgeted for 2800 hours. AOL values its

internal labor for this project at $86/hr, totaling $240,800. The second component of the work is to have an external third-party user interface company work with AOL to create the new price plan screens, including screen mock ups, color treatments, and the source code to be used by the internal AOL team. For that portion of the project we have received a quote for $15,000 for the anticipated work. (Baumeister Supp. Decl. ¶ 8).

15.    In sum, to perform a similar, but less intricate, project than the one that would be required for AOL to comply with the injunctive relief requested by the Plaintiff will cost AOL $255,800. (Baumeister Supp. Decl. ¶ 9).

16.    As such, even a conservative estimate of the total costs AOL will incur in complying with the injunction requested in the Complaint significantly exceeds $75,000 and most likely will exceed $250,000. (Baumeister Supp. Decl. ¶ 10).

## IV.    REMOVAL BASED ON THE CLASS ACTION FAIRNESS ACT

17.    If Plaintiff's complaint is a class action lawsuit, this Court has jurisdiction over the matter under 28 U.S.C. § 1332(d)(2), which provides in pertinent part: "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ."

18.    While the Plaintiff has failed to expressly state the specific code section that gives him the authority to bring this suit as a representative of the District of Columbia general public, AOL presumes that the Plaintiff has filed this action pursuant to D.C. Code § 28-3905(k)(1). The Complaint does not cite to this code section specifically, yet the Plaintiff asserts that he "brings this action in a representative capacity on behalf of the interests of the general public against AOL, LLC for unlawful trade practices under the District of Columbia Consumer

Protection Procedures Act ("DCCPPA"), D.C. Code §§ 28-3901, *et seq.*" (Compl. ¶ 4). Accordingly, the Plaintiff has filed a lawsuit in which he seeks to represent the interests of a large group of people.

19.    Black's Law Dictionary, Eighth Edition defines a class action as "[a] lawsuit in which the court authorizes a single person or a small group of people to represent the interests of a larger group..." Black's Law Dictionary, 267 (8th ed. 2004).

20.    Against this backdrop, Plaintiff's failure to identify the particular Rule or statute pursuant to which he brings this action renders the complaint ambiguous as to whether he is seeking to bring an action pursuant to D.C. Code § 28-3905 (k)(1) or a class action under Rule 23 of the District of Columbia Rules of Rules of Civil Procedure. Consequently, to the extent that Plaintiff's action constitutes a "civil action filed in a district court of the United States under Rule 23 of the Federal Rules of Civil Procedure or *any civil action that is removed to a district court of the United States that was originally filed under a State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representatives as a class action.*" 28 U.S.C. § 1332(d)(1)(B) (emphasis added), it may properly be removed pursuant to 28 U.S.C. § 1332(d)(2).

21.    Under CAFA, the amount in controversy in this matter exceeds the $5,000,000 requirement of 28 U.S.C. § 1332(d)(2). Again, the Plaintiff has made demand upon AOL in the amount of $15,000,000. (See Information Sheet, attached hereto as **Exhibit B**.) In addition, the Plaintiff is seeking $1,500 in statutory damages for each individual AOL consumer residing in the District of Columbia who has paid for a $23.90 or $25.90 AOL Dial-Up Advantage service plan notwithstanding the availability of $9.95 AOL Basic Dial-Up and High Speed Essentials service plans. There are twenty-eight thousand four hundred fifty-one (28,451) AOL consumers

in the District of Columbia for whom the Plaintiff seeks damages on behalf. (Baumeister Decl. ¶ 6). Thus the amount in controversy Plaintiff seeks to recover as a representative of the District of Columbia general public exceeds $42,000,000.00. (Baumeister Decl. ¶ 7).

22.    The Plaintiff also seeks actual damages as to each individual District of Columbia consumer in an amount to be determined at trial. Under this theory of the case, the amount in controversy is also well in excess of the $5,000,000.00 jurisdictional requirement under the 28 U.S.C. § 1332(d)(2). The amount in controversy for actual damages, presuming a finding of entitlement, would be $6,213,441.65. This sum is arrived at by taking the total amount billed for each of the 28,451 District of Columbia consumers the Plaintiff represents in this lawsuit, $6,368,347.40, less $111,907.92 in credit and $42,997.83 in chargebacks. (Baumeister Decl. ¶ 8).

23.    Finally, there is complete diversity of citizenship between the Plaintiff and Defendant. The named Plaintiff is a citizen of the District of Columbia, (Compl. ¶ 14), and Defendant AOL is a citizen of Delaware and Virginia. (Baumeister Decl. ¶ 3).

24.    Even though the named Plaintiff sues both individually and as a representative of a putative class, for purposes of determining diversity jurisdiction, the Court determines the citizenship of only the named party. *See, e.g., Central Wesleyan Coll. v. W.R. Grace & Co.*, 6 F.3d 177, 186 n.3 (4th Cir. 1993) ("The rule in federal class actions . . . is only that the citizenship of the named parties be diverse from that of the defendants."); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1288 (11th Cir. 1998) ("[F]or class actions ... a court should consider only the citizenship of the named parties to determine whether there is diversity of jurisdiction.").

## V.    REMOVAL PROCEDURES

25.    Removal of this case is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

26.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant AOL LLC are attached hereto as **Exhibit C**.

27.    Removal on diversity is timely under 28 U.S.C. § 1446(b) because this Amended Notice of Removal was filed within thirty days from the date this action was served on Defendant AOL LLC, January 24, 2007.

28.    In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Amended Notice of Removal (without exhibits) is being filed concurrently with the Clerk of the Superior Court for District of Columbia and served upon all parties of record.  A copy of the written notice of the Amended Notice of Removal is attached hereto as **Exhibit D**.

## CONCLUSION

WHEREFORE, Defendant AOL LLC, respectfully requests that this Amended Notice of Removal replace and modify the Notice of Removal filed on February 13, 2008, that this Court assume jurisdiction of this action, and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.


Respectfully submitted,


/s/
_____
M. Melissa Glassman (BAR # 417074)
Kevin F. X. De Turris (BAR # 491708)


9

**MCGUIREWOODS LLP**
1750 Tyson's Blvd., Suite 1800
McLean, Virginia 22102
(703) 712-5000
(703) 712-5220 (Facsimile)
mglassman@mcguirewoods.com
***Counsel for Defendant AOL LLC***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of February, 2008, a copy of the foregoing

Amended Notice of Removal was sent by first class mail, postage prepaid, to the following:

Jeffrey Harris
Walter E. Diercks
Rubin, Winston, Diercks, Harris & Cooke, LLP
1155 Connecticut Avenue, N.W.
6th Floor
Washington, D.C.  20036

Andrew A. August
Kevin F. Rooney
Pinnacle Law Group
425 California Street, Suite 1800
San Francisco, California  94104

Giancarlo Terilli
Law office of Giancarlo Terilli, LLC
225 Broadway, Suite 2812
New York, NY 10007


            /s/
M. Melissa Glassman

\5069987.4

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL M. BREAKMAN<br>5319 42nd Place, NW<br>Washington, D.C. 20015 | *<br>* Case No. _____ |
| In His Representative Capacity Acting for the<br>Interests of the General Public, | *<br>* Removed from the Superior Court<br>of the District of Columbia<br>* Civil Action No. 08-0000532 |
| Plaintiffs, | * |
| v. | * |
| AOL LLC, | * |
| 22000 AOL Way<br>Dulles, Virginia 20166 | * |
| | * |
| A Limited Liability Company, | * |
| Defendant. | * |

*     *     *     *     *     *     *     *     *     *     *     *
*

## DECLARATION OF JOHN BAUMEISTER

I, John Baumeister, do hereby declare:

1.     The statements in this declaration are based upon my personal knowledge and my review of AOL LLC's ("AOL") business records, and I am competent to testify to the matters set forth herein.

2.     AOL's business records are made and maintained in the ordinary course of business at or near the time of the occurrence by a person with knowledge of the matters set forth in such records.

3.     AOL is a Delaware limited liability company headquartered in Dulles, Virginia. It provides customers throughout the United States with a variety of interactive computer services.

1

**EXHIBIT**

**A**

4.    As a Program Manager on the Regulatory Order Compliance Team, I am responsible for running data queries within AOL consumer account history and billing systems to size putative class action claims, to respond to consumer complaints and discovery requests, and to administer consumer settlements. As such, I have personal knowledge regarding the number of customers who subscribe to particular AOL services and price plans in every State of the United States, as well as the District of Columbia.

5.    I have reviewed the Complaint filed in this action, which indicates, inter alia, that plaintiff seeks $1,500 in damages for each individual AOL consumer residing in the District of Columbia who has paid for a $23.90 or $25.90 AOL Dial-Up Advantage service plan notwithstanding the availability of $9.95 AOL Basic Dial-Up and High Speed Essentials service plans.

6.    There are 28,451 District of Columbia consumers who fall within this putative class as alleged.

7.    Thus, under the statute pursuant to which plaintiffs seek recovery, the amount in controversy that the Plaintiffs are seeking in this class action lawsuit is in excess of $42,000,000.00.

8.    Even were the relief sought limited to net revenue on such accounts, the amount in controversy would be $6,213,441.65 (Total Amount Billed of $6,368,347.40 less $111,907.92 in credit and $42,997.83 in chargebacks).

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on this 13th day of February, 2008.

2

John Baumeister
Program Manager for Regulatory Order for
AOL LLC

# Superior Court of the District of Columbia

### CIVIL DIVISION - CIVIL ACTIONS BRANCH

### INFORMATION SHEET

PAUL M. BREAKMAN

vs

AOL LLC

Case Number: _____

Date: __January 23, 2008__

| | |
|---|---|
| **Name:** *(please print)* Walter E. Diercks, Esq. | **Relationship to Lawsuit** [X] Attorney for Plaintiff |
| **Firm Name:** Rubin, Winston, Diercks, Harris & Cooke, LLP | [ ] Self (Pro Se) |
| **Telephone No.:** (202) 861-0870    **Six digit Unified Bar No.:** 161620 | Other: _____ |

**TYPE OF CASE:** [ ] Non-Jury    [ ] 6 Person Jury    [X] 12 Person Jury
Demand:$ 15,000,000.00    Other: _____

**PENDING CASE(S) RELATED TO THE ACTION BEING FILED**
Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar #: _____

---

**NATURE OF SUIT:**    *(Check One Box Only)*

**A. CONTRACTS**

| | | |
|---|---|---|
| [ ] 01 Breach of Contract | [ ] 07 Personal Property | **COLLECTION CASES** |
| [ ] 02 Breach of Warranty | [ ] 09 Real Property-Real Estate | [ ] 14 Under $25,000 Pltf. Grants Consent |
| [ ] 06 Negotiable Instrument | [ ] 12 Specific Performance | [ ] 16 Under $25,000 Consent Denied |
| [ ] 15 _____ | | [ ] 17 OVER $25,000 |

**B. PROPERTY TORTS**

| | | |
|---|---|---|
| [ ] 01 Automobile | [ ] 03 Destruction of Private Property | [ ] 05 Trespass |
| [ ] 02 Conversion | [ ] 04 Property Damage | [ ] 06 Traffic Adjudication |
| [ ] 07 Shoplifting, D.C. Code § 27-102(a) | | |

**C. PERSONAL TORTS**

| | | |
|---|---|---|
| [ ] 01 Abuse of Process | [ ] 09 Harassment | [ ] 17 Personal Injury – (Not Automobile, Not Malpractice) |
| [ ] 02 Alienation of Affection | [ ] 10 Invasion of Privacy | [ ] 18 Wrongful Death (Not malpractice) |
| [ ] 03 Assault and Battery | [ ] 11 Libel and Slander | [ ] 19 Wrongful Eviction |
| [ ] 04 Automobile-Personal Injury | [ ] 12 Malicious Interference | [ ] 20 Friendly Suit |
| [X] 05 Deceit (Misrepresentation) | [ ] 13 Malicious Prosecution | [ ] 21 Asbestos |
| [ ] 06 False Accusation | [ ] 14 Malpractice Legal | [ ] 22 Toxic/Mass Torts |
| [ ] 07 False Arrest | [ ] 15 Malpractice Medical (Including wrongful death) | [ ] 23 Tobacco |
| [ ] 08 Fraud | [ ] 16 Negligence-(Not Automobile, Not Malpractice) | |

SEE REVERSE SIDE AND CHECK HERE [ ] IF USED

CV-496/July. 07


EXHIBIT
B

## INFORMATION SHEET, Continued

**D. OTHERS**

I.

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 04 Condemnation (Emin. Domain)
- [ ] 05 Ejectment
- [ ] 07 Insurance/Subrogation
  Under $25,000 Pltf.
  Grants Consent
- [ ] 08 Quite Title
- [ ] 09 Special Writ/Warrants
  DC Code § 11 -941

- [ ] 10 T.R.O./Injunction
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment
- [ ] 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify,
  Vacate Arbitration Award
  (D.C. Co   de § 16-4315)

- [ ] 25 Liens: Tax/Water Consent Granted
- [ ] 26 Insurance/Subrogation
  Under $25,000 Consent Denied
- [ ] 27 Insurance/Subrogation
  Over $25,000
- [ ] 28 Motion to Confirm Arbitration
  Award (Collection Cases Only)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 30 Liens: Tax/Water Consent Denied

II.

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
  Certificate

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
  Judgment [D.C. Code §
  2 -1802.03(h) or 32-1519(a)]
- [ ] 20 Master Meter (D.C. Code §
  42 ~3301, et seq.)

- [ ] 21 Petition for Subpoena
  [Rule 28 -1 (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27 (a)(1)
  (Perpetuate Testimony)

_____
Attorney's Signature

January 23, 2008
_____
Date

CV -496/July. 07

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### Civil Division

PAUL M. BREAKMAN )
5319 42nd Place, NW )
Washington, DC 20015 )
)
In His Representative Capacity )
Acting for the Interests of the General Public, )
)
    Plaintiff, )
)
    v. )
)
AOL LLC, )
    A Limited Liability Company, )
    22000 AOL Way )
    Dulles, Virginia 20166, )
)
    Defendant. )
)
Serve:    CORPORATION SERVICE )
    COMPANY )
    1090 Vermont Avenue, N.W. )
    Washington, D.C. 20005 )
)

RECEIVED
Civil Clerk's Office

JAN 2 3 2008

Superior Court of the
District of Columbia
Washington, D.C.

08-0000532

Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT

### INTRODUCTION

1.    This representative action by Plaintiff Paul M. Breakman ("Plaintiff") against defendant AOL, LLC ("AOL" or "Defendant") seeks to remedy AOL's unlawful trade practice of charging its current and past members more than double the price offered to new members for essentially the same services and failing to disclose to said current and past members that essentially the same services are available at less than half the price they are being charged.

2.    Prior to the onset of broadband, AOL charged its members $23.90 for its services, which consisted of dial-up access to the internet (internet service provider ("ISP") services) and content services ("Dial-up ISP Service"). Because most of its members did not have broadband


EXHIBIT
C

ISP service, they turned to AOL primarily for its Dial-up ISP Service. However, when broadband became commonplace, AOL's Dial-up ISP Service became largely obsolete, leaving AOL to market and sell their content services and necessitating a dramatic change in AOL's services for fees business model.

3.    Confirming that its fees were predominately for its Dial-up ISP Service, AOL began offering its content services to new members for free. Recognizing the dwindling value of its Dial-up ISP Service, AOL began offering its Dial-up ISP Service to new members for $9.95 a month. However, notwithstanding these major price shifts for new members, AOL failed to change its Dial-up ISP Service fees for current members and instead continues to automatically debit its members' credit cards $23.90 to $25.90 a month for essentially the same Dial-up ISP Service new members get for $9.95 a month.

4.    Plaintiff, in a representative capacity acting for the interests of the general public, seeks compensatory and other relief enumerated below which are authorized by the DCCPPA against AOL LLC.

## PRELIMINARY STATEMENT

5.    Plaintiff brings this action in a representative capacity on behalf of the interests of the general public against AOL, LLC ("AOL" or "Defendant") for unlawful trade practices under the District of Columbia Consumer Protection Procedures Act ("DCCPPA"), D.C. Code §§ 28-3901, *et seq.*

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over this action pursuant to D.C. Code §§ 11-921, 13-423 and 28-3901, *et seq.*

7.    The Court has jurisdiction over AOL because it is a limited liability company that is authorized to conduct, and in fact does conduct, substantial business in the District of Columbia. AOL, as a continuous and systematic part of its general business, has sufficient minimum contacts with the District of Columbia or otherwise intentionally avails itself of the consumer markets within the District of Columbia through the promotion, sale, marketing,

.2

and/or distribution of its Dial-up ISP services in the District of Columbia to District of Columbia consumers thus rendering the exercise of jurisdiction by the District of Columbia courts permissible under traditional notions of fair play and substantial justice.

8.    AOL derives substantial revenue from the sale of Dial-up ISP Service to District of Columbia consumers.

9.    AOL's Dial-up ISP Service is a service under the DCCPPA.

10.    Said District of Columbia consumers purchase and use AOL's Dial-up ISP Service primarily for personal, family and household use.

11.    Defendant AOL is a merchant under the DCCPPA in that AOL markets, sells and distributes consumer services to District of Columbia consumers.

12.    This is a civil action under the DCCPPA in which Plaintiff, in his representative capacity acting for the interests of the general public, is suing Defendant AOL for its trade practices in violation of the laws of the District of Columbia which have injured District of Columbia consumers who have paid and/or continue to pay AOL $23.90 to $25.90 a month for essentially the same Dial-up ISP Service new members get for $9.95 a month because AOL has failed to disclose to said consumers the material fact that essentially the same service is available for $9.95 per month.

13.    The amount of damages owed by Defendant AOL to any individual District of Columbia consumer who has paid and/or continues to pay AOL $23.90 to $25.90 a month for essentially the same Dial-up ISP Service new members get for $9.95 a month, does not exceed $75,000, exclusive of costs and interest.

## PARTIES

14.    Plaintiff is a resident of the District of Columbia.

15.    AOL LLC is a Delaware limited liability company. AOL LLC maintains its principal place of business at 22000 AOL Way, Dulles, Virginia. AOL is qualified to do business in the District of Columbia as a foreign limited liability company.

3

## FACTUAL ALLEGATIONS

16.    Initially, AOL was primarily in the business of providing internet access to its members for a fee. This service provided access to the internet through a dial-up connection ("Internet Access") in addition to a variety of content, features, e-mail services, internet security and applications ("Content Services") (collectively the "Dial-up ISP Service").

17.    However, due to the explosion of broadband (which provides far greater speed than dial-up), AOL's Dial-up ISP Service lost nearly all of its value. AOL's business model disintegrated as it was unable to lure enough new members to subscribe to its services as these individuals were obtaining internet access through broadband providers, such as telephone and cable companies.

18.    Recognizing that their Dial-up ISP Service was of little to no value, in or about March 2006, AOL changed its business model. In an attempt to drive its customers to broadband partners it *increased* the price of Dial-up ISP Service to $25.90.

19.    In or about August, 2006, in an apparent about-face, AOL began charging new customers $9.95 for its Dial-up ISP Service and provided its Content Services for free. However, AOL did not reduce the price of its Dial-up ISP Service for its Dial-up ISP Service current customers. Instead, Plaintiff is informed and believes and thereon alleges that AOL continued to charge its current Dial-up ISP Service customers between $23.90 and $25.90 per month for essentially the same service that it provides new members for $9.95. Plaintiff is informed and believes that AOL failed to disclose to its Dial-up ISP Service customers that they could obtain essentially the same service as the Dial-up ISP Service for $9.95.

20.    While AOL purports to offer different services for their $9.95 and $23.90-$25.90 price points for Dial-up ISP Service, the difference is *de minimus* at best and does not warrant any increase in price, let alone a 140-160% price increase. AOL has added a couple of token additional services with little or no value for members paying $23.90-$25.90 in an effort to mislead and defraud its members. Plaintiff is informed and believes and thereon alleges AOL is actively concealing the 140-160% price reduction available to its existing members. Plaintiff is

4

further informed and believes and thereon alleges that AOL only relents to a price reduction for its existing members if a member calls in to complain that they are paying more than double for the same services provided to others. Even under this scenario, Plaintiff is further informed and believes and thereon alleges AOL stonewalls its members and only agrees to a full price reduction after a member threatens to cancel service.

## COUNT I
## VIOLATION OF THE D.C. CONSUMER PROTECTION PROCEDURES ACT
### (D.C. Code §§ 28-3901, et seq. )

21.    Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs 1 through 20 above as though set forth fully herein.

22.    Defendant AOL has failed to disclose material facts which has tended to mislead, and which has misled, District of Columbia consumers who purchased AOL's Dial-Up ISP Service at $23.90-$25.90 per month and AOL continues to mislead District of Columbia consumers who continue to purchase AOL's Dial-Up ISP Service at $23.90-$25.90 per month. Intending to deceive District of Columbia consumers to continue to purchase AOL's Dial-Up ISP Service at $23.90-$25.90 per month, Defendant further willfully violated the DCCPPA by knowing concealment, and/or suppression and omission of material facts by continuing to automatically debit $23.90-$25.90 from its loyal existing members' accounts for Dial-up ISP Service, while offering essentially the same Dial-up ISP Service to new members for $9.95.

23.    The aforesaid acts of AOL set out above constitute an unlawful trade practice under the DCCPPA.

24.    By and through the aforesaid unlawful trade practices, Defendant AOL has injured District of Columbia consumers by obtaining monies from said District of Columbia consumers to which Defendant AOL is not entitled.

25.    By engaging in the aforesaid unlawful trade practices Defendant AOL has acted with evil motive, actual malice, deliberate violence or oppression, or with intent to injure, or in willful disregard for the rights of District of Columbia consumers, and said conduct by Defendant AOL is outrageous or grossly fraudulent.

5

Wherefore, Plaintiff, in his representative capacity acting for the interests of the general public, demands of and from Defendant AOL for each individual District of Columbia consumer, and not by way of a common right in a common fund, judgment against Defendant as follows:

1.    Actual damages for each individual District of Columbia consumer in an amount to be determined at trial;

2.    Treble damages or $1,500 per violation of the DCCPPA for each District of Columbia consumer, whichever is greater, in an amount to be determined at trial;

3.    Reasonable attorneys' fees;

4.    Punitive damages in an amount to be determined at trial;

5.    An injunction enjoining Defendant AOL from continuing the unlawful trade practices described herein;

6.    Prejudgment interest in an amount to be determined at trial.

Dated: January 23, 2008

Rubin, Winston, Diercks, Harris & Cooke, LLP

Jeffrey Harris (D.C. Bar #925545)
Walter E. Diercks (D.C. Bar #161620)
1155 Connecticut Avenue, N.W., 6th Floor
Washington, D.C. 20036
Telephone: (202) 861-0870
Facsimile: (202) 429-0657

Pinnacle Law Group
Andrew A. August (California Bar #112851)
Kevin F. Rooney (D.C. Bar #486357)
425 California Street, Suite 1800
San Francisco, CA 94104

Law Offices of Giancarlo Terilli, LLC
Giancarlo Terilli (New York Bar #3030186)
225 Broadway, Suite 2812
New York, NY 10007
Telephone: (212) 962-6454
Facsimile: (212) 962-6045

Attorneys for Plaintiff

6

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH

INFORMATION SHEET

PAUL M. BREAKMAN

Case Number: _____

vs

AOL LLC

Date: __January 23, 2008__

---

*Name: (please print)*
Walter E. Diercks, Esq.

Firm Name:
Rubin, Winston, Diercks, Harris & Cooke, LLP

Telephone No.:                Six digit Unified Bar No.:
(202) 861-0870                      161620

Relationship to Lawsuit
[X] Attorney for Plaintiff
[ ] Self (Pro Se)
Other: _____

TYPE OF CASE: [ ] Non-Jury      [ ] 6 Person Jury      [X] 12 Person Jury
  Demand:$ _15,000,000.00_ _____      Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar #: _____

---

NATURE OF SUIT:    *(Check One Box Only)*

**A. CONTRACTS**

| | | COLLECTION CASES |
|---|---|---|
| [ ]01 Breach of Contract | [ ]07 Personal Property | [ ]14 Under $25,000 Pltf. Grants Consent |
| [ ]02 Breach of Warranty | [ ]09 Real Property-Real Estate | [ ]16 Under $25,000 Consent Denied |
| [ ]06 Negotiable Instrument | [ ]12 Specific Performance | [ ]17 OVER $25,000 |
| [ ]15 _____ | | |

**B. PROPERTY TORTS**

| | | |
|---|---|---|
| [ ]01 Automobile | [ ]03 Destruction of Private Property | [ ]05 Trespass |
| [ ]02 Conversion | [ ]04 Property Damage | [ ]06 Traffic Adjudication |
| [ ]07 Shoplifting, D.C. Code § 27-102(a) | | |

**C. PERSONAL TORTS**

| | | |
|---|---|---|
| [ ]01 Abuse of Process | [ ]09 Harassment | [ ]17 Personal Injury – (Not Automobile, Not Malpractice) |
| [ ]02 Alienation of Affection | [ ]10 Invasion of Privacy | [ ]18 Wrongful Death (Not malpractice) |
| [ ]03 Assault and Battery | [ ]11 Libel and Slander | [ ]19 Wrongful Eviction |
| [ ]04 Automobile-Personal Injury | [ ]12 Malicious Interference | [ ]20 Friendly Suit |
| [X]05 Deceit (Misrepresentation) | [ ]13 Malicious Prosecution | [ ]21 Asbestos |
| [ ]06 False Accusation | [ ]14 Malpractice Legal | [ ]22 Toxic/Mass Torts |
| [ ]07 False Arrest | [ ]15 Malpractice Medical (Including wrongful death) | [ ]23 Tobacco |
| [ ]08 Fraud | [ ]16 Negligence-(Not Automobile, Not Malpractice) | |

SEE REVERSE SIDE AND CHECK HERE [ ] IF USED

CV-496/July. 07

## INFORMATION SHEET, Continued

**D. OTHERS**

I.

☐ 01 Accounting
☐ 02 Att. Before Judgment
☐ 04 Condemnation (Emin. Domain)
☐ 05 Ejectment
☐ 07 Insurance/Subrogation
     Under $25,000 Pltf.
     Grants Consent
☐ 08 Quite Title
☐ 09 Special Writ/Warrants
     DC Code § 11 -941

☐ 10 T.R.O./Injunction
☐ 11 Writ of Replevin
☐ 12 Enforce Mechanics Lien
☐ 16 Declaratory Judgment
☐ 17 Merit Personnel Act (OEA)
     (D.C. Code Title 1, Chapter 6)
☐ 18 Product Liability
☐ 24 Application to Confirm, Modify,
     Vacate Arbitration Award
     (D.C. Co  de § 16-4315)

☐ 25 Liens: Tax/Water Consent Granted
☐ 26 Insurance/Subrogation
     Under $25,000 Consent Denied
☐ 27 Insurance/Subrogation
     Over $25,000
☐ 28 Motion to Confirm Arbitration
     Award (Collection Cases Only)
☐ 29 Merit Personnel Act (OHR)
☐ 30 Liens: Tax/Water Consent Denied

II.

☐ 03 Change of Name
☐ 06 Foreign Judgment
☐ 13 Correction of Birth Certificate
☐ 14 Correction of Marriage
     Certificate

☐ 15 Libel of Information
☐ 19 Enter Administrative Order as
     Judgment [D.C. Code §
     2 -1802.03(h) or 32-15 19(a)]
☐ 20 Master Meter (D.C. Code §
     42 -3301, et seq.)

☐ 21 Petition for Subpoena
     [Rule 28 -I (b)]
☐ 22 Release Mechanics Lien
☐ 23 Rule 27 (a)(1)
     (Perpetuate Testimony)

_____
Attorney's Signature

January 23, 2008
_____
Date

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

PAUL M. BREAKMAN                                    *
5319 42nd Place, NW
Washington, D.C. 20015                              * Civil Action No. 08-0000532

    In His Representative Capacity Acting for the    * Removed to the United States District Court
    Interests of the General Public,                  for the District of Columbia, Civil Action
                                                   * No. 1:08-00246 (JDB)
        Plaintiffs,
                                                   *
v.
                                                   *
AOL LLC,                                            *
22000 AOL Way
Dulles, Virginia 20166                             *
3901 Dallas Parkway
Plano, Texas  75093                                *

    A Limited Liability Company,

        Defendant.
*       *       *       *       *       *       *       *       *       *       *       *       *

**NOTICE OF FILING AMENDED NOTICE OF REMOVAL**

TO:    Clerk of the Court
      Superior Court of the District of Columbia
      500 Indiana Ave NW # 3420
      Washington, DC 20001

      Jeffrey Harris
      Walter E. Diercks
      Rubin, Winston, Diercks, Harris & Cooke, LLP
      1155 Connecticut Avenue, N.W.
      6th Floor
      Washington, D.C.  20036

      Andrew A. August
      Kevin F. Rooney
      Pinnacle Law Group
      425 California Street, Suite 1800
      San Francisco, California  94104



EXHIBIT
tabbies
D

Giancarlo Terilli
Law office of Giancarlo Terilli, LLC
225 Broadway, Suite 2812
New York, NY 10007

PLEASE TAKE NOTICE that Defendant AOL LLC has on this day caused to be filed

with the Clerk of the United States District Court for the District of Columbia an Amended

Notice of Removal in the above-captioned case, a copy of which is hereby served upon you.

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1446(d) the Superior Court of the

District of Columbia shall not proceed further unless and until the case is remanded.

Respectfully submitted,

AOL LLC
*By Counsel*

By: _____/s/_____
John D. Wilburn (Bar # 483290)
McGuireWoods LLP
1750 Tysons Boulevard
Suite 1800
McLean, Virginia 22102-4215
T: 703.712.5000
F: 703.712.5220
jwilburn@mcguirewoods.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February, 2008, I served a true and correct copy of

the foregoing document via U.S. Mail on:

Jeffrey Harris
Walter E. Diercks
Rubin, Winston, Diercks, Harris & Cooke, LLP
1155 Connecticut Avenue, N.W.
6th Floor
Washington, D.C.  20036

Andrew A. August
Kevin F. Rooney
Pinnacle Law Group
425 California Street, Suite 1800
San Francisco, California  94104

Giancarlo Terilli
Law office of Giancarlo Terilli, LLC
225 Broadway, Suite 2812
New York, NY 10007


_____/s/_____
John D. Wilburn

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

PAUL M. BREAKMAN, in a
representative capacity acting for the
interests of the general public,

              *Plaintiff,*

       v.

AOL LLC,

              *Defendant.*

Civil Action No. 1:08cv00246 (JDB)

## SUPPLEMENTAL DECLARATION OF JOHN BAUMEISTER

I, John Baumeister, do hereby declare:

1. I am a Program Manager for the Regulatory Order Compliance team for AOL and competent to testify to the matters set forth herein.

2. I have read and am familiar with the Complaint asserted by the Plaintiff in this action.

3. The statements in this declaration are based upon my personal knowledge, my review of AOL LLC's ("AOL") business records, and my investigation of the claims asserted by the Plaintiff.

4. As a Program Manager for the Regulatory Order Compliance team for AOL. My duties at AOL include managing claims for class action litigations asserted against AOL. This includes reviewing AOL's files, records and data to assess the merits of any class action lawsuit filed against AOL. As such, I have personal knowledge regarding the costs to comply with the injunction that Plaintiff is seeking in this matter.

/5081316.1

1

EXHIBIT

tabbies

*E*

5.   AOL offers its District of Columbia consumers two separate service plans: (1) AOL Dial-Up Advantage and (2) AOL Basic Dial-Up and High Speed Essentials. Consumers are charged $23.90 or $25.90 a month for the AOL Dial-Up Advantage service plan, and $9.95 for the AOL Basic Dial-Up and High Speed Essentials service plan.

6.   If AOL were enjoined from continuing its current practice of offering a $23.90 or $25.90 AOL Dial-Up Advantage service plan and required to only offer D.C Consumers its $9.95 AOL Basic Dial-Up and High Speed Essentials service plans, AOL would need to expend time and resources to create and integrate the new price plans into AOL's existing billing systems. This would require AOL programmers to reprogram AOL's existing billing systems to "connect" the Support Portal User Interface to the backend system infrastructure.

7.   As part of this process, AOL would be required to reprogram its current billing system to create the capability to identify and separate D.C. consumers from consumers nationwide, as an injunction would require AOL to treat its D.C. consumers differently. AOL does not currently have this ability. Additionally, the project will require management involvement, and quality assurance oversight.

8.   The Support Portal Team, which handles online member support, is currently working on the creation of a new price plan online. This current project is similar to, however less intricate, then the one that AOL would be required to perform if the injunctive relief the Plaintiff has requested is granted. In the ongoing project, there are two components to the work. The first is the creation of the AOL back-end infrastructure. This includes the creation of the new price plans in the billing systems, the

programming to connect the front-end user interface to the back-end systems, basic rostering by account number, required reporting capabilities, detailed price plan messaging to members, the program management of the effort, the quality assurance review and final deployment. This effort has been budgeted for 2800 hours. AOL values its internal labor for this project at $86/hr, totaling $240,800. The second component of the work is to have an external third-party user interface company work with AOL to create the new price plan screens, including screen mock ups, color treatments, and the source code to be used by the internal AOL team. For that portion of the project we have received a quote for $15,000 for the anticipated work.

9.      In sum, to perform a similar, but less intricate, project than the one that would be required for AOL to comply with the injunctive relief requested by the Plaintiff will cost AOL $255,800.

10.      As such, even a conservative estimate of the total costs AOL will incur in complying with the injunction requested in the Complaint significantly exceeds $75,000 and most likely will exceed $250,000.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on this 21st day of February, 2008.

_____/s/_____
John Baumeister
Program Manager for the Regulatory Order
Compliance team for AOL LLC