## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

PAUL M. BREAKMAN, in His )
Representative Capacity Acting for the )
Interests of the General Public, )
                     )
      Plaintiff, )
                     )
      v. )          **1:08-Cv-246 (JDB)**
                     )
AOL LLC )
                     )
      Defendant. )

### PLAINTIFF'S AMENDED MOTION TO REMAND
### AND FOR AWARD OF COSTS

Plaintiff, Paul M. Breakman, in his representative capacity acting for the interests of the general public, by and through undersigned counsel, Rubin, Winston, Diercks, Harris & Cooke, L.L.P. and pursuant to Fed. R. Civ. P. 7, LCvR 7, and 28 U.S.C. 1447(c), moves to remand the above-captioned case to the Superior Court of the District of Columbia and for an award of just costs and expenses, including attorneys' fees, incurred as a result of the removal because this Court lacks original subject matter jurisdiction and the removal was contrary to well-settled law.

A Memorandum of Points and Authorities in support of the Amended Motion and a proposed order are attached. The discussion required by LCvR 7(m) occurred on February 20, 2008 and counsel for Defendant informed Plaintiff's counsel that Defendant opposed the relief sought. The Amended Motion and supporting Memorandum of Law is necessary as Defendant AOL's counsel failed to inform counsel for Plaintiff that it was filing an Amended Notice of Removal when Plaintiff's counsel called to seek AOL's consent to Plaintiff's original Motion to Remand. Had AOL's counsel so informed Plaintiff's counsel, Plaintiff's counsel would have suspended work on its original motion until the Amended Notice of Removal was filed, thereby saving time and money as well as not filing documents which served no purpose and clogged the docket.

Respectfully submitted,


/s/ Walter E. Diercks
Walter E. Diercks (Bar #161620)
Jeffrey Harris (Bar #925545)

Rubin, Winston, Diercks, Harris & Cooke, LLP
Sixth Floor, 1155 Connecticut Avenue, NW Sixth Floor
Washington, D.C.  20036
Phone (202) 861-0870
Fax (202) 429-0657

Kevin F. Rooney (D.C. Bar #486357)
Andrew A. August (California Bar #112851)
Pinnacle Law Group
425 California Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 394-5700
Fax: (415) 394-5003


Giancarlo Terilli (New York Bar  #3030186)
Law Offices of Giancarlo Terilli, LLC
225 Broadway, Suite 2812
New York, NY 10007
Telephone:  (212) 962-6454
Fax:  (212) 962-6045

Counsel for the Plaintiff
Paul M. Breakman

Dated: February 27, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **PAUL M. BREAKMAN, in His** | ) | |
| **Representative Capacity Acting for the** | ) | |
| **Interests of the General Public,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **1:08-Cv-246 (JDB)** |
| | ) | |
| **AOL LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S AMENDED
MOTION TO REMAND AND FOR AWARD OF COSTS**

Plaintiff, Paul M. Breakman, in his representative capacity acting for the interests of the general public, by and through undersigned counsel, Rubin, Winston, Diercks, Harris & Cooke, L.L.P. and pursuant to Fed. R. Civ. P. 7, LCvR 7, and 28 U.S.C. 1447(c), moves to remand the above-captioned case to the Superior Court of the District of Columbia  and for an award of just costs and expenses, including attorneys' fees, incurred as a result of the removal because this Court lacks original subject matter jurisdiction and the removal was contrary to well-settled law, stating as follows:

The instant case was filed on January 23, 2008 in the Superior Court of the District of Columbia.  Plaintiff is bringing this action "in a representative capacity on behalf of the interests of the general public" against AOL LLC ("AOL" or "Defendant") for unlawful trade practices under the District of Columbia Consumer Protection Procedures Act ("DCCPPA"), D.C. Code §§ 28-3901, *et seq*.  (Complaint at ¶ 5).  The Complaint alleges that Defendant AOL LLC  engaged in unlawful trade practices in violation of the DCCPPA by charging its current and past members more than double the price offered to new members for essentially the same services and failing to disclose to said current and past members that essentially the same services are available them at less than half the

price they are being charged.  Defendant AOL was served with the summons, complaint and initial order on January 24, 2008.

On February 21, 2008 Defendant AOL filed an Amended Notice of Removal pursuant to 28 U.S.C. 1447.  28 U.S.C. 1447(a) requires that a defendant desiring to remove a civil action from a State court shall file a notice of removal "containing a short and plain statement of the grounds for removal."  Defendant's Amended Notice of Removal claims that this court has original jurisdiction over this case:

(a)  under the provisions of the Class Action Fairness Act ("CAFA") (codified in relevant part at 28 U.S.C. 1332(d)) because the case allegedly is a class action, there allegedly is the required diversity under CAFA and the amount in controversy, exclusive of interest and costs, allegedly exceeds the sum or value of $5,000,000. (Amended Notice of Removal at 6).  In fact, the instant case is a representative action brought under the DCCPPA and is not a class action to which the Class Action Fairness Act applies.

(b) under the Court's traditional diversity jurisdiction pursuant to 28 U.S.C. 1332 (a) which requires complete diversity between the parties and an amount in controversy in excess of $75,000.00, exclusive of interests and costs.  As will be demonstrated below, Defendant has failed to carry its burden of establishing complete diversity between the parties; and has failed to carry its burden of establishing an amount in controversy of more than $75,000.00, exclusive of interest and costs.

Therefore, this case should be remanded to the Superior Court for the District of Columbia and the Court should require Defendant AOL to pay just costs and actual expenses, including attorneys' fees, incurred by Plaintiff as a result of the improper removal.

## I.    Standard for Removal and Remand

The removal statute, 28 U.S.C. 1441(a), provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction,

may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such cause of action is pending." The provision extends to those actions in which original jurisdiction exists on the basis of diversity of citizenship. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). If a removal is effected, the plaintiff may, by a motion to remand, take issue with the statements in the notice of removal. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *National Org. for Women v. Mutual of Omaha Ins. Co.*, 612 F.Supp. 100, 102-03 (D.D.C. 1985). If such a motion to remand is made, the defendant, as the initiator of the removal, must carry the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. at 97; *National Org. for Women*, 612 F. Supp. at 103; *Kopff v. World Research Group, LLC, et al.*, 298 F. Supp. 2d 50, 53-54 (D.D.C. 2003); *Johnson-Brown v. 2200 M Street LLC, et al.*, 257 F. Supp. 2d. 175, 177 (D.D.C. 2003); *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004) The Court must resolve any ambiguities concerning the propriety of remand in favor of remand. *Nwachukwu v. Karl*, 223 F. Supp. 2d 60, 66 (D.D.C. 2002); *Johnson-Brown*, 257 F. Supp.2d at 177.

## II. Defendant Seeks to Remove Based upon the Removal Provisions of the Class Action Fairness Act; The Class Action Fairness Act Specifically Does Not Permit Removal of Private Attorney General Actions Such as the Instant Case

Defendant AOL LLC ("AOL") removed this case to the United States District Court ". . . based on the Class Action Fairness Act."[1] (Amended Notice of Removal at 6). In support of its claim that removal is proper under the CAFA, AOL asserts that (i) the instant action is a class action; (ii) the aggregate amount at issue exceeds 5 million dollars; and (iii) a member of the class is a citizen of a different state than AOL. As will be demonstrated below, AOL's Notice of Removal is fraught with fatal errors.

---

[1] The relevant portion of the Class Action Fairness Act is codified at 28 U.S.C. 1332(d).

The Complaint is this action is not a class action at all.  Rather it is a representative action brought by a private citizen acting for the interests of the general public.  Such an action is commonly referred to as a "Private Attorney General Action."  A reading of the Complaint makes clear that the Plaintiff is bringing this action solely in his representative capacity on behalf of the general public and not in his individual capacity or as a class representative in a class aciton.

The Complaint is brought under the District of Columbia Consumer Protection and Procedures Act, D.C. Code §§ 28-3901 *et. seq.* ("DCCPPA).  The DCCPPA specifically authorizes a private attorney general to file suit on behalf of the general public.  This authority is found in D.C. Code §§ 28-3905(k)(1) which provides in pertinent part, "A person, whether acting for the interests of itself, its members, or the general public, may bring an action under this chapter in the Superior Court of the District of Columbia seeking relief from the use by any person of a trade practice in violation of a law of the District of Columbia . . . ."

The dispositive fatal flaw in AOL's removal under the CAFA is that CAFA does not permit removal of "any civil action in which - - - all of the claims in the action are asserted on behalf of the general public (and not on behalf of individual claimants or members of a purported class) pursuant to a State statute specifically authorizing such action . . . ."  28 U.S.C. 1392 (11) (B) (ii) (III).  The instant case is just such a case.  It is brought under a state law, *i.e.*, the law of the District of Columbia, which specifically authorizes such an action.[2]  All of the claims are brought on behalf of the general public and not on behalf of specific individuals.

The structure of CAFA's removal provisions, which end with several exceptions to the authorized removal, is as follows: CAFA permits the removal to federal court of class

---

[2]  The District of Columbia is a "State" for purposes of CAFA.  28 U.S.C. 1332(e) ("The word 'States', as used in this section includes . . . the District of Columbia . . . .").

4

actions in which the aggregate amount in controversy exceeds 5 million dollars.  It relaxes the traditional complete diversity requirement and contains a "Chinese menu" of situations in which the court must or may allow removal, depending on the level of diversity.  28 U.S.C. 1392(d) 2-9.  CAFA goes on to permit removal of mass actions (those being actions with more than 100 named plaintiffs).  However, in mass action there is an additional requirement before removal is permitted.  That additional requirement is that removal is only permitted as to those plaintiffs who meet the traditional $75,000 amount in controversy requirement.  28 U.S.C. 1392(d)(11)(B)(I).  Lastly, CAFA contains four exceptions that are not mass actions and therefore not removable under the authority of CAFA.  Included among these is the one set out above which is dispositive as to the instant case, namely actions asserted on behalf of the general public.  The Senate Report that accompanied the bill that became CAFA addressed this exception thusly: "The third exception addresses a very narrow situation, specifically a law like the California Unfair Competition Law, which allows individuals to bring a suit on behalf of the general public.  Such a suit would not qualify as a mass action."  S. Rep. No. 14, 109th Cong., 1st Sess. (2005).  The DCCPPA is a law like the California Unfair Competition Law prior to the California law's amendment in late 2004, in that it allows individuals, such as the Plaintiff herein, to bring a suit on behalf of the general public.

It is well worth noting that, even in the absence of the dispositive exception for private attorney general actions, AOL's removal would require a remand to Superior Court even if this action was a true mass action with a large number of individual plaintiffs because AOL could not allege that any such plaintiff met the $75,000 amount in controversy requirement.

It is clear that CAFA does not provide a basis to remove this private attorney general action to this Court.  Therefore, the Court should remand the case to the Superior Court of the District of Columbia.

### III. Defendant AOL Has Failed to Establish Diversity Jurisdiction Under 28 U.S.C. **1332 (a) and the Case Should Be Remanded to the Superior Court**

In addition to its claim that removal is proper under CAFA, AOL asserts that removal is proper since this Court would have original jurisdiction over this action under traditional diversity principles as there is complete diversity between the parties and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs. 28 U.S.C. 1332(a) (1). AOL fails to carry its burden on either requirement.

### A. AOL has failed to establish that there is complete diversity between the Plaintiff and the Defendant

The removal statute, 28 U.S.C. 1441(a), provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such cause of action is pending." The provision extends to those actions in which original jurisdiction exists on the basis of diversity of citizenship. *Caterpillar, Inc. v. Williams*, 482 U.S. at 392. The diversity statute, 28 U.S.C. 1332(a)(1), provides that the district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value $75,000, exclusive of interest and costs, and is between – (1) citizens of different States. . . ." The burden is on the removing defendant to demonstrate the federal court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because federal courts are courts of limited jurisdiction, there is a presumption against the existence of diversity jurisdiction. *Naartex Consulting Corporation v. Watt*, 722 F.2d 779, 792 (D.C.Cir. 1983), *cert. denied sub nom. Naartex Consulting Corp. v. Clark*, 467 U.S. 1210 (1984). *Johnson-Brown v. 2200 M Street LLC, et al.*, 257 F. Supp.2d 175 at 77.

The Amended Notice of Removal states that, "There is diversity of citizenship

between Plaintiff and Defendant.  The named Plaintiff, Paul M. Breakman, is a citizen of the District of Columbia (Compl. ¶ 14), and Defendant AOL is a citizen of Delaware and Virginia (Baumeister Decl. ¶ 3).”  (Amended Notice of Removal at 3).  However, as demonstrated immediately below, Defendant's Amended Notice of Removal fails to allege the facts necessary to establish that this is in fact “ . . . a civil action between citizens of different states.”

28 U.S.C. 1447(a) requires that a defendant desiring to remove a civil action from a State court shall file a notice of removal “containing a short and plain statement of the grounds for removal.”  To establish diversity jurisdiction, one must allege the citizenship of the parties.  *Naartex*, 722 F.2d at 792.    Defendant's Notice of Removal on its face fails to allege the facts necessary to establish diversity of citizenship because it has failed to allege the facts which are necessary to establish the citizenship of AOL LLC. Although AOL LLC clearly is a limited liability company, Defendant's Amended Notice of Removal purports to identify the citizenship of the AOL LLC according to the statutory criteria for *corporations* contained in 28 U.S.C. § 1332(c) (*i.e.,* corporations have the dual citizenship of their place of incorporation and their “principal place of business”).[3]   The reason for this failure is simple: the criteria for establishing the citizenship of corporations for diversity jurisdiction purposes are not applicable to limited liability companies and other non-corporate entities, such as partnerships.  *Johnson-Brown*, 257 F. Supp. 2d. 175 at 178-80; *Shulman v. Voyou, LLC*, 305 F. Supp. 2d 36, 40 (D.D.C. 2004) (this court has refused to extend the rule of corporate citizenship to a non-corporate entity such as an LLC) (citations omitted).  Non-corporate entities, such as AOL LLC carry the citizenship of all of their members.  *C.T. Carden v. Arkoma Assoc.*,

---

[3]  AOL asserts in its Amended Notice of Removal that it is a citizen of Delaware (where it is organized) and of Virginia (where it has its principal place of business). (Amended Notice of Removal p. 3; Baumeister Declaration ¶ 6).

494 U.S. 185, 190 (1990).

The facts in the present case are identical to the facts in *Johnson-Brown v. 2200 M Street LLC, et al.*, *supra*.  In *Johnson-Brown*, the plaintiff sued a corporation and three limited liability companies.  The defendants filed a notice of removal in which they purported to identify the citizenship of the three limited liability companies, as well as the corporate defendant, according to the statutory criteria for corporations contained in 28 U.S.C. § 1332(c) (*i.e.,* corporations have the dual citizenship of their place of incorporation and their "principal place of business").  Judge Urbina held that the statutory criteria for citizenship of corporations was inapplicable to limited liability companies.  *Ibid*. at 178-80.  Judge Urbina held that the proper criterion for determining the citizenship of a limited liability company is the citizenship of the limited liability company's members.  *Ibid*. 257 F.Supp.2d at 178 (*citing*.  *C.T. Carden v. Arkoma Assoc.*, 494 U.S. at195-96).

In reaching this holding in *Johnson-Brown*, Judge Urbina stated: "indeed, this court's research indicates that every court that has addressed the citizenship status of LLCs has held unequivocally that LLCs do not enjoy corporate citizenship, an unsurprising uniformity of interpretation given the Supreme Court's sharp distinction between corporate and non-corporate citizenship." *Ibid*. 257 F.Supp.2d at 180 (citations omitted).

Judge Urbina then held that the Notice of Removal had misidentified the citizenship of the limited liability defendants and, thus, the defendants had failed to prove that the parties are diverse and had failed to prove that the court had diversity jurisdiction. *Ibid*. at 180.  Judge Urbina concluded that the defendants had failed to meet their burden of proof that removal was proper and granted the plaintiff's motion to remand the case to Superior Court. *Ibid*.

Here, Defendant has done exactly what the defendants did in *Johnson-Brown*: it

8

has purported to establish the citizenship of AOL LLC according to the statutory criteria for corporations contained in 28 U.S.C. § 1332(c) (*i.e.,* corporations have the dual citizenship of their place of incorporation and their "principal place of business"). As in *Johnson-Brown*, the Defendant was required to prove the citizenship of AOL LLC by showing the citizenship of each of the limited liability company's members and failed to do so. As in *Johnson-Brown*, the Defendant has misidentified the citizenship of AOL LLC. As in *Johnson-Brown*, the Defendant has failed to prove that the Court has diversity jurisdiction. As in *Johnson-Brown*, this Court should find that Defendant has failed to meet its burden of proof that removal was proper and should grant Plaintiff's amended motion to remand.[4]

The Court should not permit AOL to amend its Notice of Removal a second time in an effort to prove diverse citizenship of the parties. An amendment to a Notice of Removal is permitted prior to the expiration of the 30 day period to file the Notice. Defendant, in fact, amended when it filed its Amended Notice of Removal. However the period in which an amendment is permitted has now expired. Permitting such an amendment beyond the permitted 30 day period is not consistent with the strict construction of the removal statutes against the removing party. *Smith v. City of Newport News*, 2007 U.S. Dist. LEXIS 41275 (E.D. Va. 2007). Further, "a notice of removal may be amended under Section 1653 [28 U.S.C. 1653-Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.] to correct a procedural

_____

[4] CAFA changed the definition of and pleading requirement for an LLC, but the requirement is limited to actions removed under CAFA. "For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. 1332(d) (10). Hence, to remove under traditional diversity jurisdiction, AOL has to prove that the citizenship of all of its members is different than that of the Plaintiff. It has failed to do so.

defect in removal only where a timely objection to the defect is not raised, and the right to amend is terminated once a plaintiff asserts a timely objection to the defect." *Dennison v. Shell Oil Co.*, 2007 U.S. Dist. LEXIS 91887, 3-4 (S.D. Ill. 2007). Plaintiff, by this Memorandum has set out its timely objection thereby foreclosing any further amendment by AOL. Since AOL's allegations of diversity jurisdiction are fatally flawed, this Court should remand this case.

### B.  AOL improperly attempts to allege that over $75,000 is in controversy by impermissibly aggregating the damages suffered by its District of Columbia customers

AOL's Amended Notice of Removal alleges that the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied, as AOL claims it had over 28,000 customers affected by its unlawful conduct and that when that figure is multiplied by the statutory damages of $1,500.00 per consumer, the amount in controversy is over 42 million dollars. (Amended Notice of Removal ¶ 8).[5]  Counsel for AOL incorrectly assumes that the amount in controversy may be satisfied by aggregating all of the consumers' statutory damages. AOL provides no citation for this assumption, leading one to conclude that there is no awareness on the part of AOL's counsel that aggregation is not permitted.

The simple fact is that 28 U.S.C. 1332(a) has been interpreted by the Supreme

---

[5]  At ¶ 9 of the Amended Notice of Removal AOL argues that it satisfies the amount in controversy amount by aggregating the total amount billed to each District of Columbia customer for three years. This damage calculation is not one that is requested or one to which D.C. customers would be entitled. While the amount set out by AOL is over six million dollars, it is subject to the same aggregation analysis as the 42 million suggested in ¶ 8 of the Amended Notice of Removal.

Court to require that each member of a putative class[6] have a claim worth in excess of $75,000. *Zahn. v. International Paper Co.*, 414 U.S. 291, 301 (1973); *Snyder v. Harris*, 394 U.S. 332 (1969). Claims of individual plaintiffs may not be aggregated to meet the jurisdictional amount unless the plaintiffs "unite to enforce a single title or right in which they have a common and undivided interest." *Zahn*, 414 U.S. at 294; *Kopff v. World Research Group, LLC*, 298 F.Supp.2d 50, 56 (D.D.C. 2003). Judge Friedman has stated that: "This court has articulated the view that '[p]laintiffs' claims can be aggregated when they make an integrated claim"- - in other words, if the right is a collective right pursuant to which one plaintiff's failure to collect his or her share increases the remaining plaintiffs' damages." *Kopff*, 298 F.Supp.2d at 56. Multiple plaintiffs may aggregate their claims to meet the jurisdictional amount only if those plaintiffs "unite to enforce a single title or right in which they have a common and undivided interest." *Snyder v. Harris*, 394 U.S. at 335.

In the instant case, the prayer for relief in relevant part requests, "Treble damages or $1,500 per violation of the DCCPPA for each District of Columbia consumer, which ever is greater, in an amount to be determined at trial." (Comp. p. 6 ). Hence, as per Judge Friedman's explanation, each consumer is entitled to an award and if some consumers do not accept such an award, the remaining consumer's share is not increased. The Complaint in this case therefore does not assert a collective right to a sum of money. As such aggregation is not permitted to determine the amount in controversy. *Reigner v. Ingersoll-Rand Co.*, 461 F. Supp. 2d 1, 2 (D.D.C. 2004).

*Reigner* was a more difficult case than the instant one. Like the instant case, *Reigner* was brought under the DCCPPA. It involved a claim by a Private Attorney

---

[6] While this case is a representative action and not a class action, class action standards as to aggregation are applicable here.

General on behalf of the general public in the District of Columbia for design flaws in bicycle locks sold by the defendant. In *Reigner,* in addition to the relief requested in the instant case, the plaintiff requested "catch all" relief in the form of "any additional relief which may be necessary to restore to each District of Columbia consumer who purchased an Affected Lock and/or related warranty upgrade the money which has been acquired by defendants through the unlawful trade practices described herein in violation of the laws of the District of Columbia and of the DCCPPA." No such "catch all" relief is prayed for in the instant case. However, even with this "catch all" relief which is not present here, the *Reigner* court held that, since the Complaint "does not seek to establish a joint or common right in a common fund" aggregation is not permitted to reach the amount in controversy requirement. The *Reigner* Court's opinion makes clear that, without the requested "catch all" relief, no aggregation could have arguably been permitted. In the instant case the relief sought is that sought in *Reigner* minus the "catch all" relief. As such, aggregation of each affected consumer's entitlement to statutory damages of $1,500.00 may not be aggregated to meet the amount in controversy amount.

**C. AOL incorrectly asserts that it can satisfy the amount in controversy requirement by the cost to the Defendant to comply with the requested injunctive relief. Even if this circuit followed the the defendant's viewpoint rule, AOL has failed to establish facts that the cost to comply with an injunction would be in excess of $75,000.**

As noted above, 28 U.S.C. 1447(a) requires that a defendant desiring to remove a civil action from a State court shall file a notice of removal "containing a short and plain statement of the grounds for removal." In addition to the two claims that AOL satisfied the amount in controversy requirement by aggregating the Plaintiffs' damages, which is addressed above, the Amended Notice of Removal asserts that the amount amount in controversy is met because Plaintff seeks injunctive releif and that AOL's cost to comply would exceed the amount in controversy requirement. (Amended Notice of Removal at ¶

10).

There are multiple problems with AOL's argument.  First, AOL supports it claim
by stating that the "monetary effect of the requested injunctive relief will exceed $75,000
if AOL is required to modify, revise or change it current practices and procedures to
remedy the issues complained of in the Complaint."  *Id.*  While this statement is not
supported by any citation, presumably AOL is relying on the Supplemental Declaration of
John Baumesiter which is attached to the Amended Notice of Removal as Exhibit E.  In
this declaration Mr. Baumesiter sets out his estimate of the costs, "If AOL were enjoined
from continuing its current practice of offering a $23.90 or $25.90 AOL Dial-Up
Advantage service plan . . . ."  (Baumesiter Supp. Dec. at ¶ 6).  While Plaintiff does not
concede that Mr. Baumesiter's estimate is factually accurate, that determination is
irrelevant.  The fact is that Plaintiff seeks to enjoin AOL from failing to disclose  material
facts to its customers.  AOL could comply with such an injunction by disclosing the
material facts to its customers. The injunctive relief requested by Plaintiff does not
require AOL to cease offering its higher priced Dial-Up plans, rather it requires AOL to
inform its customers that they can get the Dial-Up service for significantly less money.
While, even if the cost to the Defendant is legally relevant, it is AOL's burden to
demonstrate that the cost to comply with injunctive relief would exceed $75,000.  They
have failed to do so.  Nevertheless, Plaintiff did note that AOL's submission to the Court
did include examples of communications to its customer base by what AOL calls
"Official AOL Mail."  (Declaration of Hussan Sudler at Ex. F).  It seems to Plaintiff that
it is beyond argument that the cost of such an email blast to its District of Columbia
customers properly disclosing the material facts would not exceed $75,000.

Second, AOL's citation to support the proposition that the D.C. Circuit adopted the
"either viewpoint rule" in diversity cases is unpersuasive.  An examination of the issue

and the cases follows.

The Supreme Court in *Zahn v. International Paper Co.*, 414 U.S. 291, 294 (1973), established the requirement that in a class action[7] where plaintiffs have separate and distinct demands, each plaintiff's claim must be for the jurisdictional amount, unless the plaintiffs unite to enforce a single title or rights. *Zahn v. International Paper Co.*, 414 U.S. at 294.

However, AOL's attempt to evade the non-aggregation requirement of *Zahn* by claiming the *costs of the injunction to the defendant* is the test used in the D.C. Circuit is without merit.

The reality is that this Court considered the exact question presented by the instant case in *National Org. for Women*, *supra.* In the *National Org. for Women* case, as in the instant case, the plaintiffs sought both damages and injunctive relief. *National Org. for Women*, 612 F. Supp. at 108. In the *National Org. for Women* case, as in the instant case, the defendant removed the case and sought to avoid the non-aggregation rule by asking the Court to consider the *costs to the defendant* of any equitable relief ordered in the case. *Ibid*.

The Court in *National Org. for Women* reviewed decisions in other Circuits. It found that the fact that the plaintiffs were seeking both damages and injunctive relief was critical and that to allow the defendant's view test to be used whenever injunctive relief is sought along with damages in a class action would undermine the non-aggregation holding of the Supreme Court in *Zahn*. *Ibid*. The Court explained that, if the non-

_____

[7] While the instant case is not a class action (Plaintiff is bringing this case in his representative capacity on behalf of the interests of the general public pursuant to the DCCPA), the aggregation principle should be equally applicable here where Plaintiff's prayer for relief seeks damages for each individual District of Columbia consumer injured by AOL's conduct.

aggregation rule in *Zahn* means anything at all, it stands for the proposition that federal courts should take a strict view in interpreting their diversity jurisdiction. *Ibid*. The Court concluded: "This court will not apply the defendant's view test to this diversity action which seeks both damages and injunctive relief." *Ibid*. Thus, the *National Org. for Women* case reached the same conclusion that has been reached by the majority of federal courts: *i.e.*, adopting the plaintiff's viewpoint test and rejecting the defendant's viewpoint test, which results in the amount in controversy not being determined by reference to the cost to defendant of complying with the injunction.

AOL's reliance on *Wexler v. United Air Lines*, 496 F. Supp. 2d 150 (D.D.C. 2007), is misplaced. In *Wexler* Judge Kessler decided that the defendant had not met it burden of establishing the jurisdictional amount for removal because it failed to present evidence to support its claim. *Id.* at 154. ("Given the well-established principle that ambiguities regarding removal jurisdiction are to be construed in favor of remand,[defendant] has failed to show that injunctive costs would exceed $75,000."). In *dicta* Judge Kessler stated that, "The value of injunctive relief for determining the amount in controversy can be calculated as the cost to the defendant. See *Comm. For GI Rights v. Callaway*, 171 U.S. App. D.C. 73, 518 F.2d 466, 472-73 (D.C. Cir. 1975); *Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591 (7th Cir. 2004) (holding diversity jurisdiction established where defendant's affidavits included a calculation of injunctive compliance costs)." Judge Kessler is correct that the Seventh Circuit is a circuit that follows the "either viewpoint rule," However Judge Kessler used the "*See*" introductory signal in citing *Comm. For GI Rights v. Callaway*, thereby recognizing that the case does not hold that the D.C. Circuit follows the either viewpoint rule *in diversity cases*.

The *National Org. for Women* case considered the question of whether *Comm. For GI Rights v. Callaway* was controlling on the question of whether the D.C. Circuit

follows the "either viewpoint rule" in diversity cases and decided that it did not.  The *National Org. for Women* court distinguished *Comm. For GI Rights v. Callaway* by pointing out that *GI Rights* case was a federal question case[8] involving constitutional issues and that in *GI Rights* damages were not sought, rather only injunctive relief.  Hence, the court realized that in a case involving constitutional issues where no damages were sought, it would be impossible to determine the required amount in controversy without determining the proper value of the injunctive relief from the defendant's point of view as the benefit of the injunctive relief to the plaintiff may very well have no monetary value.  Plaintiff suggests that the analysis and holding in *National Org. for Women* should be followed rather than the *dicta*, without analysis, in *Wexler*.

Third, even in a circuit like the Seventh Circuit which follows the "either viewpoint rule,"  there are limitations on how the rule is applied which inevitably leads to the conclusion that, even if the D.C. Circuit followed the "either viewpoint rule," AOL fails to meet the jurisdictional amount.  The limitation that is fatal to AOL in that, even where the defendant's cost of implementing an injunction may be considered in determining if the jurisdictional amount is satisfied, that cost has to be divided by the number of persons who benefit from the injunction.  *In re GMC Dex-Cool Prods. Liab. Litig.*, 2006 U.S. Dist. LEXIS 74503, 34-35 (S.D. Ill. 2006).  In this case, according to AOL that number is 28,451.  (Amended Notice of Removal at ¶ 8).  Hence, the cost of compliance with the injunction to AOL would have to exceed $2,133,825,000 before it could satisfy the jurisdictional amount under the either viewpoint rule.

As Chief Judge Murphy's explained in the *In re GMC Dex-Cool Prods. Liab. Litig.*, "In sum, even where the 'either viewpoint' rule is used to value the amount in

---

[8]  *Comm. For GI Rights v. Callaway* was decided at a time when federal question jurisdiction had an amount in controversy requirement which it no longer does.

controversy in a class action, the cost of equitable relief to a defendant nonetheless must be apportioned pro rata among the members of the proposed class." (Citations omitted).[9] *Id.* at 34.  Hence, AOL has failed to carry its burden to prove that it meets the jurisdictional amount either under the "either viewpoint rule."

This Court should find that AOL in its Amended Notice of Removal has failed to allege the facts necessary to establish that the amount in controversy exceeds $75,000, exclusive of interest and costs.   The Court should also apply the holding in *National Org. for Women* and hold that it will not apply the defendant's view test and consider the purported costs to AOL of an injunction as requested by AOL.  The Court should also hold that even if the "either viewpoint rule" applied, the cost of any injunctive relief to AOL has to be divided by the 28,451 District of Columbia customers AOL who would be affected by the injunction and, therefore, AOL does not meet the amount in controversy requirement under the "either viewpoint rule."  The Court should then hold that AOL has failed to carry its burden of proof that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## IV.    The Court Should Award Plaintiff Costs and Expenses of Removal

28 U.S.C. § 1447(c) provides that, where a court remands a case, it "may require payment of just costs and any actual expenses, including attorneys' fees incurred as a result of removal."  The imposition of costs and expenses is at the Court's discretion. *Weigert v. Georgetown Univ.*, 43 F. Supp.2d 5, 7 (D.D.C. 1999);   *Johnson-Brown v. 2200 M Street LLC, et al.*, 257 F. Supp.2d 175, 177, 180-81).  "Courts have uniformly held that a relevant factor for imposing costs and expenses is whether the removing party

---

[9]  The only situation that does not require pro rata apportionment is where the costs of compliance is not divisible.  For example, an injunction that required UPS to change the color of its trucks would not be apportioned, since the cost of compliance would be the same if there were one plaintiff or thousands of plaintiffs.

contradicts well-settled law in attempting to remove the case to federal court.  Indeed, if non-removability is obvious or contrary to well-settled law, courts regularly impose costs and expenses incurred as a result of removal." *Johnson-Brown*, 257 F. Supp.2d at 181. This Court has succinctly stated that an award of costs and expenses "if the removal was either frivolous or in bad faith."  *Bhagwananiv. Howard University*, 355 F. Supp.2d 294, 303 (D.D.C. 2005) (*citing Ibrahim v. 1417 N St. Associates*, 950 F. Supp. 406 (D.D.C. 1997)).  Where experienced counsel has failed to realize that it must allege the citizenship of all members of an LLC, such as AOL LLC, court-awarded attorneys' fees are appropriate.  Judge Walton of this Court awarded attorneys' fees, stating that, "The law is well settled that diversity jurisdiction depends on the citizenship of all the members of a partnership. (Citations omitted).  It is difficult for this Court to fathom that the defendants could have in good faith misconstrued the law in this area." *Burton v. Coburn*, 2005 U.S. Dist. LEXIS 4243, 6-7 (D.D.C. 2005).

In the instant case, as demonstrated above, the Notice of Removal is fatally deficient on its face because the Class Action Fairness Act clearly is not applicable to this case because this case is a representative action brought under the DCCPPA and not a class action.  Had AOL read CAFA and the Complaint with even a minimum level of care, the conclusion that CAFA did not support removal of the instant case could not have escaped notice.  In addition, as demonstrated above, the Amended Notice of Removal clearly fails to state a basis for removal under 28 U.S.C. § 1332(a).  AOL has failed to show the citizenship of AOL, as it is required to do, and has failed to show that the amount in controversy exceeds $75,000.  Thus, the Notice of Removal is clearly fatally flawed, and, hence, frivolous.  This Court therefore should require Defendant to pay Plaintiff's costs and actual expenses, including attorneys' fees.

18

## V.      Conclusion

The Defendants' Amended Notice of Removal is fatally flawed for the simple reason that the instant case is a representative action brought on behalf of the interests of the general public under the DCCPPA and is not a class action to which the provisions of 28 U.S.C. 1331(d) apply.  Furthermore, AOL's Amended Notice of Removal fails to show diversity jurisdiction under 28 U.S.C. § 1332(a).  The Amended Notice of Removal therefore is not supported by either the facts or the law and is, indeed, frivolous.  Therefore, this Court should remand the case to the Superior Court of the District of Columbia and order Defendant to pay Plaintiff's costs and actual expenses, including attorneys' fees, incurred as a result of Defendant's attempt to remove this case to this Court.

WHEREFORE, Plaintiff Paul M. Breakman respectfully moves this Court to remand the instant case and to order Defendant to pay Plaintiff's costs and actual expenses, including attorneys' fees, incurred as a result of Defendants' improper attempt to remove this case to this Court.

Respectfully submitted,

/s/ Walter E. Diercks
Walter E. Diercks (Bar #161620)
Jeffrey Harris (Bar #925545)

Rubin, Winston, Diercks, Harris & Cooke, LLP
Sixth Floor, 1155 Connecticut Avenue, NW
Washington, D.C.  20036
Phone (202) 861-0870
Fax: (202) 429-0657

Kevin F. Rooney (D.C. Bar #486357)
Andrew A. August (California Bar #112851)
Pinnacle Law Group

19

425 California Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 394-5700
Fax: (415) 394-5003

Giancarlo Terilli (New York Bar  #3030186)
Law Offices of Giancarlo Terilli, LLC
225 Broadway, Suite 2812
New York, NY 10007
Telephone:  (212) 962-6454
Fax:  (212) 962-6045

Counsel for the Plaintiff
Paul M. Breakman

Dated: February 27, 2008

20

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **PAUL M. BREAKMAN, in His** | ) | |
| **Representative Capacity Acting for the** | ) | |
| **Interests of the General Public,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **1:08-Cv-246 (JDB)** |
| | ) | |
| **AOL LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>PROPOSED ORDER</u>**

Upon consideration of the "Plaintiff's Amended Motion to Remand and Award of Costs," the opposition thereto and the record before this Court, it is this ___ day of _____, 2008 hereby

ORDERED that the motion is granted, and it is

FURTHER ORDERED that:

This action be and the same hereby is remanded to the Superior Court of the District of Columbia; and it is

FURTHER ORDERED that:

Defendant pay Plaintiff the costs and expenses, including reasonable attorneys' fees, he incurred as a result of Defendant's improper removal of the case to this court in an amount to be determined by the court; and it is

FURTHER ORDERED that:

By _____ __, 2008 the Plaintiff file an itemized list of costs and expenses relevant to the Defendant's removal; and it is

FURTHER ORDERED that by _____ __, 2008 Defendants may file a response to Plaintiff's list of itemized expenses, not to exceed three (3) pages in length,

which shall be limited to the narrow issue of the appropriate calculation of the

compensatory sum owed to Plaintiff.

       SO ORDERED:


_____

United States District Judge


PLEASE SERVE:

Walter E. Diercks, Esq.
Jeffrey Harris, Esq.
Rubin, Winston, Diercks, Harris & Cooke, L.L.P.
Sixth Floor, 1155 Connecticut Avenue, N.W.
Washington, D.C. 20036

Kevin F. Rooney, Esq.
Pinnacle Law Group
425 California Street, Suite 1800
San Francisco, CA 94104

M. Melissa Glassman, Esq.
Kevin F.X. De Turris, Esq.
Anand V. Ramana, Esq.
McGuire Woods LLP
1750 Tyson's Blvd,, Suite 1800
McLean, VA 22102